## Gausman v. R. T. Pearson Co., Appellant.

*Workmen's compensation—Accident—Different ailments—Heat exhaustion—Proximate cause—Evidence—Burden of proof—Guess —Physician—Expert—Employer insurer.*

1. A heat stroke may be a compensable accident, but only when it is the direct or superinducing cause of the disability in question.

2. While an injury may be the result of one or more causes, for only one of which the defendant is liable, the burden is on plaintiff to individuate that one as the proximate cause of his damage.

3. In such case the burden of proof is not met by the testimony of a witness when so conflicting as to render any inference therefrom a mere guess; nor is it met by a mere statement by plaintiff of the cause, where he states no fact in support of his conclusion.

4. To constitute an accident there must be some untoward occurrence aside from the usual course of events. An apoplectic stroke may be treated as an accident, but only when resulting from a shock, strain or other injury to the physical structure of the body.

5. The fact that a disability was hastened by the work, does not alone constitute an accident, otherwise it would be unsafe to give employment to any one advanced in years, and it would render the employer an insurer of the life and health of the employee.

6. In a workman's compensation case, where expert testimony is relied on to show the connection between an alleged cause and a certain result, it is not enough for the doctors to say simply that the ailment in question might have resulted from the assigned cause, or that one could have brought about the other, they must go further and testify at least that, taking into consideration all the attending data, it is their professional opinion that the result in question most probably came from the cause alleged.

Argued October 2, 1925. Appeal, No. 114, March T., 1925, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1924, No. 1781, sustaining decision of Workmen's Compensation Board, in case of David H. Gausman v. R. T. Pearson Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ. Reversed.

Appeal from decision of Workmen's Compensation Board, sustaining award of referee. Before MACFAR-LANE, J.

The opinion of the Supreme Court states the facts.

Decision sustained. Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*John C. Sherriff,* with him *Scott D. Ferguson* and *Paul E. Hutchinson,* for appellant.—There is no competent evidence in the record to support the finding that the claimant sustained accidental injury in the course of his employment: Stahl v. Coal Co., 268 Pa. 452.

The medical evidence in this case is insufficient to establish that claimant suffered from heat exhaustion in the course of his employment: Fink v. Axle & Spring Co., 270 Pa. 476.

The burden resting on claimant to show that his disability was the result of the alleged accident, has not been met: Thomas v. Ins. Fund, 280 Pa. 331; Barnabas v. Colliery Co., 103 L. T., N. S. 513; Zimmerman v. Weinroth, 272 Pa. 537; McCoy v. Steel Co., 275 Pa. 422; Balch v. Mfg. Co., 277 Pa. 548; Manchline v. Ins. Fund, 279 Pa. 524.

*Charles H. Young,* for appellee, cited: Kuca v. Coal Co., 268 Pa. 163; Flucker v. Steel Co., 263 Pa. 113; Guyer v. Gas Co., 279 Pa. 5.

OPINION BY MR. JUSTICE WALLING, November 23, 1925:

On July 14, 1923, David H. Gausman was totally disabled by a stroke of apoplexy and, claiming it was the result of an accident sustained in the course of his employment by R. T. Pearson Company, defendant, presented this claim for compensation. The referee's award in claimant's favor was affirmed by the compensation board and lower court and therefrom defendant brought this appeal.

Claimant, who was seventy-four years of age and afflicted with chronic nephritis and arterio-sclerosis, accompanied by high blood pressure, was working as a carpenter, laying flooring, when he lost consciousness and was found wandering outside the building. He soon sufficiently recovered to care for his tools and, it being quitting time (Saturday noon), went home by street car, ate his dinner, changed his clothes and, while returning

from the barber shop that evening, was stricken with apoplexy. It was a typical July day, warm, without excessive heat, and claimant was working alone indoors at light work and was not subjected to any unusual temperature or extra exertion. About five days previously, while on his way to work in the morning, claimant was found in the street in an unconscious condition, similar to that which overcame him at the noon hour of the day in question, and from which he soon recovered. On regaining consciousness from the lapse at the noon hour claimant was bewildered, walked with difficulty and complained of pain in the head, also of pain and numbness in his right arm and leg, and the same condition continued during the afternoon to such an extent that his wife accompanied him to the barber shop on the occasion to which we have referred. His right side has been paralyzed since that day.

It is claimant's contention that while at work that Saturday morning he suffered an accident in the nature of a heat exhaustion or prostration which superinduced the apoplectic stroke and permanent disability. The proof of this contention is far from convincing. There was nothing present likely to produce such exhaustion. The similar attack on a previous morning was in no manner attributable to heat, and both may have been premonitory symptoms of the approaching apoplectic stroke.

Before one ailment can be attributed to another, the existence of the latter must be shown. Here claimant's case fails, for the finding of heat exhaustion is not sustained by the proof. The evidence relied upon to support this finding is that of Dr. Frederick and while he testified he diagnosed the case "as hemiphlegia [paralysis of one side], following a heat exhaustion," he did not see claimant until after the latter had been stricken in the evening and knew nothing of his condition at noon, except by report. The doctor further said, in effect, that claimant's entire affliction that day may have been of

apoplectic origin. As to that, he testified: "Q. In your opinion, was this a sunstroke or heat exhaustion, or stroke of apoplexy? A. The apoplexy very evidently followed it [the heat exhaustion] very promptly, or the apoplexy may have been right with it. It may have been the apoplexy, instead of heat exhaustion, that produced it." The doctor also mentioned the presence of certain symptoms as common to both and said he discovered no paralysis until the next day (Sunday). From his evidence, it is quite as probable that the disability suffered by claimant at the noon hour was apoplectic as that it was heat exhaustion and, from all the other evidence in the case, even much more so. Hence, as the burden of proof rested upon claimant, it cannot be found that he suffered a heat exhaustion or that such was the superinducing cause of the apoplexy. Where an injury may be the result of one of two or more causes, for only one of which defendant is liable, the burden is on plaintiff to individuate that one as the proximate cause of his damage (Sullivan v. Balt. & Ohio R. R. Co., 272 Pa. 429), otherwise there can be no recovery: Zimmerman v. Weinroth, 272 Pa. 537, 539; Miller v. Director Gen. R. R., 270 Pa. 330; Bruggeman v. York, 254 Pa. 430, 435. Furthermore, the burden of proof is not met by the testimony of a witness when so conflicting as to render any inference drawn therefrom a mere guess: Goater v. Klotz, 279 Pa. 392, 396; Zenzil et al. v. Del., Lack. & W. R. R. Co., 257 Pa. 473; Mulligan v. Lehigh Traction Co., 241 Pa. 139; Cawley v. Balt. & Ohio R. R. Co., 44 Pa. Superior Ct. 340. Claimant's affirmative answer to the referee's question, "Did the sun get you?" is of no value in determining the cause of his disability, as he states no fact in support of that conclusion.

The referee states, inter alia: "We therefore find as a fact from all the testimony in the case that the claimant, on July 14, 1923, while working for the defendant, R. T. Pearson Co., sustained an injury by accident in the course of his employment with the defendant in the

nature of heat exhaustion complicated with an apoplectic stroke totally incapacitating him from the date of the accident up to the present time," and we are mindful of the rule that we are concluded by his findings (affirmed as was this) when based on sufficient competent evidence: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Stahl v. Watson Coal Co., 268 Pa. 452; Watson v. Lehigh Coal & Navigation Co., 273 Pa. 251; Roach v. Oswald Lever Co. et al., 274 Pa. 139; Laraio v. Penna. R. R. Co., 277 Pa. 382. But, as stated above, the finding of heat exhaustion is not supported by sufficient evidence.

Again, it will be noticed, the referee did not find that the apoplectic stroke resulted from the heat exhaustion, but that it was complicated with it. Even if the fact of heat exhaustion was well found, it is difficult to see how it could be made the basis of compensation which rests on the permanent disability caused by the paralysis. However, as the proof of heat exhaustion failed, it is not necessary to determine its potency as a procuring cause of apoplexy. A heat stroke may be a compensable accident (Lane v. Horn & Hardart, 261 Pa. 329; Matis et al. v. Schaeffer, 270 Pa. 141), but only when it is the direct or superinducing cause of the disability in question.

Moreover, the testimony of Dr. Frederick, taken as a whole, does not meet the necessary standard of proof as stated in Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, 479, and other subsequent cases, that, "When, in cases of this class, expert testimony is relied on to show the connection between an alleged cause and a certain result, it is not enough for the doctors to say simply that the ailment in question might have resulted from the assigned cause, or that the one could have brought about the other; they must go further and testify at least that, taking into consideration all the attending data, it is their professional opinion the result in question most probably came from the cause alleged."

The next question is, Can this claim be sustained on disability resulting from apoplexy? This must be answered in the negative. Treating what happened to claimant that Saturday noon as the beginning of the apoplectic disturbance and a part thereof, it was not shown to have been an accident within the meaning of the Workmen's Compensation Law. To constitute an accident there must be some untoward occurrence aside from the usual course of events. Such stroke will be treated as an accident when resulting from a shock, strain or other injury to the physical structure of the body (Samoskie v. Phila. & Reading C. & I. Co., 280 Pa. 203; Watkins v. Pittsburgh Coal Co., 278 Pa. 463; Yodis v. Phila. & Reading C. & I. Co., 269 Pa. 586), but here nothing of that kind occurred. The work was light with no unusual occurrence. Disability, overtaking an employee at his work, is not compensable unless the result of accident. And the burden is on claimant to prove it was such and not from natural causes: Skinner's Pennsylvania Workmen's Compensation Law 54, and cases there cited. True, Dr. Frederick attributed the exhaustion, or stroke, to claimant's exertion in the performance of his work and expressed the opinion that but for the work it would not have happened at that time; in other words that the disability was hastened by the work; even so, that alone would not constitute an accident; otherwise it would be unsafe to give employment to anyone advanced in years. Disability, hastened by such exercise, cannot be treated as accidental; neither can death or disability overtaking an employee in the course of his employment and resulting from a natural cause; if it could, it would render the employer an insurer of the life and health of the employee. In Guyer v. Equitable Gas Co., 279 Pa. 5, relied upon by the lower court, there was a finding on sufficient evidence of an accident, to wit, a fall and fatal injury resulting therefrom. Where, however, the disability results from an accident, the employee's susceptibility thereto will not

prevent compensation: Clark v. Lehigh Valley Coal Co., 264 Pa. 529; Guyer v. Equitable Gas Co., supra.

The judgment is reversed and the award of the referee is set aside.