## Hiester *v.* Hunter, Appellant.

*Workmen's compensation—Injuries to eye—Evidence—Sufficiency.*

On a claim for Workmen's Compensation, it appeared that the plaintiff was engaged in digging a post hole in stony ground, and, while using a crowbar, struck a stone with such force as to jar his body, immediately after which he sustained a hemorrhage of the left eye, which resulted in the total blindness of that eye. There was sufficient medical evidence that a jar, occuring as alleged by the claimant, adequately accounted for the injury, and that in the opinion of the doctors, the hemorrhage was produced by the shock.

Such testimony by medical experts as to the cause of the claimant's condition complies with the legal requirements and is sufficient to sustain an award. Even, though the eye was somewhat infirm before the injury, and may have been more susceptible to the effect of the jar than if it had been in a normal condition, this is not a controlling consideration in the case.

The burden was on the claimant to prove that the injury was the result of an accident. A jar to the body attending the use of a heavy instrument, such as the claimant was handling, is within the definition of an accident, and an award of compensation will be sustained.

Submitted November 8, 1926. Appeal No. 266, October T., 1926, by defendant from judgment of C. P. Berks County, June T., 1925, No. 157, in the case of

George A. Hiester v. Daniel H. Hunter. Before
Porter, P. J., Henderson, Trexler, Keller, Linn,
Gawthrop and Cunningham, JJ. Affirmed.

Appeal from decision of Workmen's Compensation
Board. Before Schaeffer, P. J.

The facts are stated in the opinion of the Superior
Court.

The court sustained the award of the Board. De-
fendant appealed.

*Error assigned,* was the decree of the court.

*John H. Bridenbaugh,* and with him *Snyder, Zieber
& Snyder,* for appellant.

*Randolph Stauffer* for appellee.

Opinion by Henderson, J., December 10, 1926:

The appellee's claim was for compensation resulting
from the loss of an eye. The referee and the com-
pensation board sustained the application and this
result was affirmed on appeal to the court of common
pleas. The contention of the appellant is that it was
not shown by the testimony that the injury complained
of was the result of an accident. The only question
for our consideration is whether there was evidence
sustaining the finding of the referee. The testimony
shows that the applicant was engaged in digging a
post-hole in stony ground and while using a crowbar
struck a stone with such force as to jar his body, im-
mediately following which he sustained a hemorrhage
of the left eye, which resulted in total blindness of
that eye. It seems not to be controverted that the
hemorrhage resulted at the time stated by the wit-
ness and there is uncontradicted and competent evi-
dence that the blindness resulted therefrom. There
is also the evidence of two medical experts who

examined the applicant at different times and were familiar with his condition, that a jar occurring as alleged by the claimant, adequately accounted for the injury and that in their opinion the hemorrhage was produced by the jar. The burden is on the claimant to prove that his injury was the result of an accident, and a jar to the body, attending the use of a heavy instrument such as the claimant was handling, is within the definition of an accident: Gausman v. Pearson Company, 284 Pa. 354. The testimony of the medical experts as to the cause of the claimant's condition is up to the legal requirement and more conclusive than declared necessary in the case above cited. The eye was somewhat infirm before the injury and may have been more susceptible to the effect of a jar than if it had been in a normal condition as suggested by one of the witnesses, but that is not a controlling consideration in the case.

The point is made by the appellant that the claimant had lost the sight of this eye before the injury in question and that, therefore, compensation should not be allowed, but this position is not supported by the evidence. The sight of the eye was defective but the evidence is express and direct that it was of such service that even with the loss of the right eye the complainant could have engaged in some gainful employment with the use of the left eye. We are satisfied from an examination of the evidence that it was sufficient to support the action of the referee and the compensation board.

The appeal is, therefore, dismissed at cost of the appellant and the judgment affirmed.