## Diriscavage, Appellant, v. Pennsylvania Coal Company.

190

Before Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*W. L. Pace,* for appellant, cited: Samoskie v. Phila. & Reading C. & I. Co., 280 Pa. 203; Skroki v. Crucible Steel Company, 292 Pa. 550; Gibb v. New Field B. P. Co., 287 Pa. 300; Kiercok v. Philadelphia C. & I. Co., 270 Pa. 17; Jones v. Phila. & Reading C. & I. Co., 285 Pa. 317; Felker v. American Chain Co., 84 Pa. Superior Ct. 437.

*H. J. Connolly,* for appellee, cited: Vorbnoff v. Mesta Machine Co., 286 Pa. 199; Gausman v. Pearson, 284 Pa. 348.

Opinion by Baldrige, J., April 15, 1929:
On May 3, 1927, Michael Dariscavage, husband of

the plaintiff, while at work in the defendant's mines, had a stroke of apoplexy. The claimant asks compensation on the theory that the death of her husband was caused by accidental injury in the course of his employment. The referee's award in her favor was set aside by the compensation board and its decision was affirmed by the lower court; this appeal followed:

The deceased was fifty-seven (57) years old and had been employed by the defendant as a miner for seventeen (17) years. He and his companion with whom he worked started drilling with a machine at 7:30 A. M. and at about 10:00 o'clock, the deceased expressed a desire to rest. A moment after they had resumed work he complained again of his physical condition and sat down. Shortly thereafter, paralysis in his hand began to appear. He was removed to his home and died a few hours thereafter.

The controlling question in this case is whether there is sufficient competent evidence to sustain the findings of fact that the claimant's husband died as a result of accidental injury sustained by him during the course of his employment. If death was due to over-exertion in the course of employment, it was an accident and is compensable under the Workmen's Compensation statute, but if death resulted from natural causes which overtook the deceased at work, there should be no award: Skroki v. Crucible Steel Co., 292 Pa. 550.

This decedent was doing his usual work under the ordinary conditions. There is not sufficient evidence to warrant the finding that the disability that overtook him was the result of any extraordinary exertion, and the referee made no such finding. He did find that the deceased had "hardened pipe-stem-like arteries which predisposed him to apoplexy. The physical force exerted in operating the auger in drilling the holes, as above described, was a material contributory factor in causing the break in decedent's

weakened arteries and bringing on the apoplexy which was the cause of his death.'' The only testimony that was offered which would in a remote way tend to prove that the injury was due to an unusual exertion was that of the son of the deceased who was recalled after the referee had sustained an objection to a hypothetical question to a physician which assumed an extra or unusual effort had been put forth by the deceased in drilling; no evidence was submitted to establish that fact. To meet this objection, the son then testified that his father had worked ''harder'' on this particular day and by that he meant ''faster.'' This witness was working fourteen (14) feet away from his father and was engaged in loading coal on the cars. He did not describe the conditions or state any facts that would warrant the conclusion that he was in position to observe and actually did see the manner of his father working. This was an important fact and it was incumbent upon the claimant to prove it by competent testimony. The dead man's ''buddy'' did not testify that the work on this particular day was of an unusual character or that the decedent was under an extraordinary strain or exertion, or that he worked ''harder'' or ''faster.''

The plaintiff contends that this case is ruled by Zborovian v. Suffolk Anthracite Collieries Company, 93 Pa. Superior Ct. 320. There the deceased was loading props by means of a hook and steel rope which was connected with a steam operating crane. One lot of props was not properly balanced and the decedent rehooked them and was attempting to hold them down and shove them at one end. A moment after this unusual effort he fell unconscious and died in ten (10) minutes. Those facts were sufficient to warrant a conclusion that there was overexertion incident to handling these heavy props. In Calderwood v. Consolidated Lumber and Supply Company, 91 Superior Ct. 189, cited by the plaintiff, the deceased, a

man of sixty (60) years, engaged in repairing a tipple, suffered from a chronic condition of arterio sclerosis, and his death was due to a dilatation of the heart. He and another employe were turning a windlass by a crank in order to move a heavy oak timber. This strain caused him to fall to the ground, become unconscious, and death followed in eleven (11) days. See also Honis v. Cox Brothers & Co., Inc., 95 Pa. Superior Ct. 209. These and the other cases cited by the appellant all disclose that there was an unusual occurrence, an exceptional exertion necessary, which resulted in the injuries.

This case comes within the principle laid down in Gausman v. Pearson Co., 284 Pa. 348, which holds that in order to constitute an accident there must be some unusual occurrence or untoward happening aside from the usual course of events. While a stroke may be treated as an accident, it must be the result of some shock, strain, or other injury to the physical structure. The fact that a disability was hastened by the work does not of itself constitute an accident.

A careful review of all the competent evidence convinces us that it was insufficient to support an award for the plaintiff.

The assignments of error are overruled and the judgment is affirmed.