Lacey *v.* Washburn & Williams Co., Appellant.

44

Argued March 7, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunning-ham, Baldrige, Stadtfeld and Parker, JJ.

*Thomas Raeburn White* of *White, Schnader, Maris & Clapp,* and with him *Kelly, Balentine, Fitzgerald & Kelly,* for appellant.—There was no "accident" within the meaning of the compensation act: McCauley v. Imperial Woolen Co., 261 Pa. 312; Mauchline v. State Insurance Fund, 279 Pa. 524.

*George Morrow,* for appellee, cited: Horn v. Hard-

art Baking Co., 261 Pa. 329; Jones v. P. & R. C. & I. Co., 285 Pa. 317.

OPINION BY BALDRIGE, J., May 4, 1932:

The claimant's husband, Foster T. Lacey, died on March 10, 1928, of lobar pneumonia while employed as a carpenter by the defendant.

The referee found that on February 25, 1928, the deceased was doing some measuring that required about an hour's work in the refrigerator room of the Williams Ice Cream Company, where the temperature was from 10 to 20 degrees below zero. After he came out of the room he took a chill, then went home and pneumonia developed, which resulted in his death on March 10, 1928. The referee allowed compensation and, upon an appeal, the board sustained the exceptions on the ground that as a matter of law the testimony did not support an award. In the appeal from the board, the learned court below sustained and reinstated the referee's award.

(1) The appellant's first position is that it was the duty of the compensation board, in setting aside a referee's award, to make specific findings of fact, and that the court of common pleas should in any event have remitted the record to the board for that purpose instead of reinstating the award and entering judgment for the claimant. Under Section 427 of the Workmen's Compensation Act of June 26, 1919, P. L. 642, 665, the party taking the appeal "shall file with his notice of appeal such exceptions to the action of the board as he may desire to take, and shall specify the findings of fact, if any, of the board, or of the referee sustained by the board, which he alleges to be unsupported by competent evidence ...... Any court before whom an appeal is pending from any action of the board may remit the record to the board for more specific findings of fact, if the findings of the board or referee are not, in its opinion, sufficient to

enable it to decide the question of law raised by the appeal.'' The board, in its opinion sustaining exceptions, stated: ''...... we are unable to find competent evidence of a definite, unusual, fortuitous, exposure to cold February 25th, or on any other certain date, therefore, we feel obliged as a matter of law to conclude that the testimony will not support an award in this case.'' The facts are, therefore, not in dispute, nor are there any additional facts to be developed.

The appellant maintains that the lower court should have adhered to the practice pointed out in Johnson v. State Workmen's Ins., 100 Pa. Superior Ct. 12, where the judgment of the court below was reversed and the court was directed to return the record to the compensation board for specific findings of fact. This case is readily distinguished from that one as, there, the board disagreed with the referee and disregarded his findings without substituting any specific findings for those found by him. Here, the facts found by the referee disclosed an explicit story of what transpired and they were not disturbed by the board—they were accepted. The only questions, therefore, are of law and involve the sufficiency of the evidence to support the award and whether the law was properly applied: Anderson v. Baxter, 285 Pa. 443; Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 207; Johnston v. Payne-Yost C. Co., 292 Pa. 509, 511. The practice followed by the lower court was correct.

(2) The appellant earnestly contends that death was not due to an ''accident'' within the meaning of the Compensation Act; that is, there was no ''mishap,'' or ''fortuitous happening''—an ''untoward event'': McCauley v. Imperial Woolen Co., 261 Pa. 312, 327; Lane v. Horn & Hardart Co., 261 Pa. 329, 333; Gausman v. Pearson, 284 Pa. 348, 354. It is true that the voluntary entry of the decedent into this room, which he knew to be cold, was not of itself an unexpected happening. The contracting of pneumonia however

was not anticipated. Lacey's death could not have been reasonably expected, although his working in the severe cold may have been attended with a special risk, not ordinarily incurred by him. But one may voluntarily expose himself to extraordinary heat, wet or cold and yet be entitled to compensation, if the risk is not common to the public or greater than ordinarily arises out of usual employment. Considerable controversy has existed, however, and it is often very difficult to determine in this character of cases whether the incapacity, or death, is, or is not, the result of an accidental injury. The decided trend of the decisions is that when death is the direct result of unusual exposure, not experienced generally, it is an accident and compensable. If the death of Lacey had been due to exposure to excessively cold weather, the same to which persons generally in that locality were subjected, the claimant would not have been entitled to recover. But when the deceased was in the refrigerating room with its low temperature, he was not working under normal and natural conditions and he was subjected to a greater peril than persons engaged in a similar work, or the people generally in the neighborhood: Workmen's Compensation, 40 Cyc. sec. 67; 28 R. C. L. 795; United Paperboard Co. v. Lewis, 117 N. E. 276, 15 N. C. C. A. 688; L. R. 1911, 1 K. B. 351; 1 N. C. C. A. 55; Ismay, Imrie & Co. v. Williamson Co., 77 L. J. P. C. 107; 24 T. L. R. 881; 7 N. C. C. A. 988.

In Maskery v. Lancashire Shipping Co., Ltd., 6 N. C. C. A. 708, an engineer, while working in an engineroom with a temperature of 114 degrees Fahrenheit, on the Red Sea, sustained a heat stroke, from the effect of which he died. It was contended that no recovery should be had as the heat was normal for that climate, but the court held that the deceased was subjected to a greater risk than other employees and that he died from an accident in the course of his employment. Our Supreme Court, in the case of Lane v. Horn & Hardart

Co., supra, where the employee was overcome by heat while working at the defendant's lunch counter, in sustaining the allowance of compensation, cited the cases of Ismay, Imrie Co. v. Williamson Company and Maskery v. Lancashire Shipping Company, supra, and stated that those cases are illustrative of the liberal views entertained by the courts as to the meaning of the term "accident" in determining liability for death or personal injury.

The appellant urges for our consideration the case of Lerner v. Rump Bros. et al., 241 N. Y. 153, 149 N. E. 334, where compensation was disallowed because the employee, while showing fruit and vegetables to a customer in the refrigerator of employer's plant, contracted a fatal illness due to the sudden transition from a superheated atmosphere to the cold air in the refrigerator. The conclusion reached by the court was based on the fact that the decedent was not subjected to an unusual exposure in the conduct of his business. In that business he, no doubt, frequently entered the refrigerator. The changes of temperature were natural and customary.

Our conclusion is that death was due to a compensable accident.

(3) The next ground of attack is that there was no competent evidence to support the referee's finding that on February 25, 1928, Lacey was in the refrigerator room for about an hour, or that after he came out he took a chill, went home, and gradually got worse and died of pneumonia, March 10, 1928. Under the testimony of Mr. Coleman, general manager of the Williams Ice Cream Company, Lacey was in the ice cream plant about two o'clock on a Saturday afternoon in February, about ten days before he died, which was evidently Saturday, the 25th. He stated that the deceased man was not in the refrigerating room, but that he was in the ice room where there is a damp,

chilly atmosphere. Long, the refrigerating engineer, testified that on February 25th a man from the defendant company, but he could not state that it was Lacey as he did not know him, examined the refrigerating room. This evidence was sufficient to find as a fact that Lacey was in the refrigerating room on Saturday, February 25th. The wife's testimony was competent that her husband had had a chill that afternoon in his home, which was followed by pneumonia. There was considerable other testimony, which was admitted without objection, of statements made by the deceased after his return from the Williams' plant, to the effect that he had been working in the refrigerating room and suffered from the extreme cold. Taking all the evidence into consideration, the testimony was sufficient to support the referee's findings. As the court stated in Ford v. Dick Co., 288 Pa. 140, 148, "But, since all the declarations of deceased were received without objection, both those given in evidence by plaintiff and by defendant, we must assume that both plaintiff and defendant elected so to try the case, and we have said that, under such circumstances, even evidence ordinarily incompetent may be considered (Poluski v. Glen Alden Coal Co., 286 Pa. 473, 476); though we have also said material findings cannot rest on that kind of evidence alone: McCauley v. Imperial W. Co., 261 Pa. 321, 326." Proof may be furnished by circumstantial evidence. The test is whether it is sufficient to satisfy a reasonable and well balanced mind of the occurrence: Ferry v. P. R. T., 232 Pa. 403; Flucker v. Carnegie Steel Co., 263 Pa. 113.

(4) Finally, the appellant complains that there was no competent evidence that pneumonia was caused by Lacey's exposure to the cold in the refrigerating plant. Dr. Wilson, called in consultation on March 4th, in answer to a hypothetical question containing the essential facts, which concluded with the inquiry whether

the exposure very probably was the inducing cause of pneumonia, said: "A. I think yes. If this man were in good condition physically and no signs of cold prior to his entry into the refrigerator and if his symptoms dated from his direct exposure or from the hour he is in there, with the initial chill and constant train of symptoms dating from the onset of this chill, leading up to pneumonia and death, then I do not see how we could help but associate the two." On his cross-examination he refused to state "positively" that pneumonia was due to the exposure, but the fair and reasonable interpretation of his testimony, as well as that of Dr. Park, is that, in his professional judgment, death was the result of the exposure. As stated in Jones v. P. & R. C. & I. Co., 285 Pa. 317, 319, "I think" amounts to an assertion of a professional opinion that the result in question most probably came from the assigned cause, which is sufficient.

This discussion brings us to the conclusion, notwithstanding the able argument of the appellant, that no reversible error appears on this record.

Judgment affirmed.

KELLER, CUNNINGHAM and PARKER, JJ., dissent.