Kincel, Appellant, *v.* Feraco Construction Co. et al.

Argued May 7, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Carlon M. O'Malley,* and with him *P. E. Kilcullen,* for appellant.

*Walter W. Harris* of *O'Malley, Hill, Harris & Harris,* for appellee.

OPINION BY PARKER, J., April 16, 1934:

Mary Kincel, as widow, claimed compensation for the death of her husband, George Kincel, resulting from injuries which she alleged were due to an accident occurring during the course of his employment with the Feraco Construction Company. It is conceded by all concerned that the sole question involved is whether the death was due to an "accident" as that term is used in the Workmen's Compensation Law.

We will give a synopsis of the evidence, reviewing it in a light most favorable to the claimant. George Kincel, on October 13, 1932, then 53 years of age, was employed by the defendant company in road construction work. For at least two weeks he had been engaged in receiving from trucks dirt and large rocks which he broke with a sledge hammer and distributed at various places. On October 13, 1932, he undertook to smash a rock which was about three feet long and two feet high. The third dimension was not given, but it was described as a large rock. He had not succeeded in breaking the boulder but had broken off some of its edges when he called to a man working with him to help him push it over an embankment. It was necessary to stoop, bend over, and with both

hands attempt to roll the rock. While so doing, he stopped, placed his hands on his heart or breast and said, "Oh my side." He left the stone and worked at another point with a sledge hammer for a period of twenty or thirty minutes when he fell over unconscious, was removed to a hospital, and there died about five hours later from a cerebral hemorrhage due to a hardening of his arteries. An autopsy revealed the cause of death and showed that he had a moderate amount of arteriosclerosis. He had been performing this same character of work for at least two weeks and prior to that time had worked as a coal miner for many years. Part of his work during this time had been to smash stones with a large sledge hammer and move such stones. The only witness called with relation to the labor being performed, when asked with reference to how long he had been doing this work, testified: "Q. Was this the first time that you had pushed big boulders around? A. No, sir, been rolling them a lot of times."

"Disability, overtaking an employee at his work, is not compensable unless the result of accident. And the burden is on claimant to prove it was such and not from natural causes." There is expert testimony to the effect that the claimant, by the performance of his work at this time, hastened his death. "Even so, that alone would not constitute an accident; otherwise it would be unsafe to give employment to anyone advanced in years": Gausman v. Pearson Co., 284 Pa. 348, 354, 131 A. 247. Death or disability overtaking an employee in the course of his employment and resulting from a natural cause is not accidental. The evidence shows conclusively that the labor being performed at the time of the alleged injury was precisely the same kind of work that had been done for some time prior thereto, and Kincel, for many years before his last employment, was engaged as a coal

miner which certainly was hard labor. There is not any evidence that he was doing his work in a different or unusual manner. The case is therefore ruled by Diriscavage v. Pa. Coal Co., 96 Pa. Superior Ct. 189; O'Neill v. Lehigh Coal & Nav. Co., 108 Pa. Superior Ct. 425, 165 A. 60; Gibson v. Kuhn, 105 Pa. Superior Ct. 264, 161 A. 456; McFadden v. Lehigh Nav. Coal Co., 111 Pa. Superior Ct. 501, 170 A. 314; Rocco v. Ellsworth Collieries Co., 111 Pa. Superior Ct. 508, 170 A. 316. What was said in the McFadden case is applicable here. We there said (p. 507): "There is not any evidence in this record which will support the conclusion that the decedent in this case suffered an accident. Our conclusion is that where an employee while in the course of his employment is performing hard labor, but of the same kind and in the same manner as he had been doing it for several years, and while so engaged is stricken with apoplexy and dies suddenly from a cerebral hemorrhage, the performance of such hard labor is not of itself overexertion as that word is used in our cases, and is not an accident as that term is used in the Workmen's Compensation Law."

The workmen's compensation board depended very largely for support for its conclusion upon the case of Rocco v. Ellsworth Collieries Co., supra, then decided by a lower court but since reversed by this court. In each of the other cases cited by the appellant there was some unusual occurrence or untoward happening aside from the usual course of events in the employee's work; the disease resulting in death was a sudden development from some abrupt violence to the physical structure of the body, or there were some other facts which warranted the fact finding body in concluding that there was an accidental injury. Where there is any evidence to support such a conclusion, the courts cannot interfere beyond seeing that the law is properly applied.

We are of the opinion that there is here no evidence supporting the finding that death was due to an "accident."

Judgment of the lower court is affirmed.