Whitecavage, Appellant, v. The Philadelphia and Reading Coal and Iron Company.

Argued December 12, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Roger J. Dever,* for appellant.

*Penrose Hertzler,* and with him *M. M. Burke,* for appellee.

OPINION BY BALDRIGE, J., February 1, 1935:

The question involved in this compensation case is whether the employee's death was the result of an accident within the meaning of the Workmen's Compensation Law. The referee found that there was no causal relation between his death and his work, and dismissed the petition. The board reversed, and awarded compensation. The court of common pleas sustained an appeal, and ordered judgment to be entered for defendant.

The relevant facts are as follows:

The decedent, a man 44 years of age, apparently in good health, went to work at 2:30 p. m., on April 19, 1933. He suffered a stroke of apoplexy about 4:00 o'clock, was taken to Locust Mountain Hospital, and died there April 25, 1933, of pulmonary edema following the cerebral hemorrhage. On the day the deceased was stricken, he and his co-worker, John Kopas, were retimbering a gangway. The deceased intended to remove on the low side of the gangway a "leg" or prop, 12 inches thick and 8 feet long, which stood upright

in the ground. He was 15 feet behind Kopas, who was the only person in that locality at the time of the alleged accident. Kopas testified in his direct examination as follows:

"Q. What was he doing with the leg?

"A. Start to lift that leg.

"Q. What was he trying to do, take it out of that hole?

"A. Yes, take it out and put some saw timber in.

"Q. Is that what he was trying to do when you saw him, trying to take that leg out?

"A. Yes.

"Q. When you came back he was lying there?

"A. He was holding by that leg. (Witness indicates as though arms were around leg.)

Cross-examination:

"Q. You didn't see anything happen to him?

"A. No. We started to lift that leg on the low side?

"Q. You saw him start to pick?

"A. Yes.

"Q. Didn't see him lift?

"A. Supposed to lift.

"Q. Did you see him lift that leg?

"A. Didn't see anything. I was working on the back.

\* \* \* \* \* \* \*

"Q. You had your back to him?

"A. Yes.

"Q. Then you didn't see him?

"A. I saw him start to lift that leg."

Kopas signed a statement before a compensation claim was made, in which he stated, "I was with him and I did not see him get hurt. I saw him leaning against an old leg, I asked him what is wrong and he could not talk . . . . . . We did no unusual work or lifting that

night, our work was our regular jobs." He admitted in his testimony that the paper was read to him, understood and signed by him, and that it correctly gave the facts.

The burden of proof was upon the claimant to establish that the deceased met with an accident within the provisions of the compensation law: Gausman v. Pearson Co., 284 Pa. 348, 352, 131 A. 247; Curry v. Willson, 301 Pa. 467, 473, 152 A. 746; Carroll v. Willow Brook Co., 108 Pa. Superior Ct. 580, 585, 165 A. 550. Where, as here, the testimony of the only witness to the alleged accident is so contradictory as to render any inference drawn therefrom a mere conjecture, the burden of proof is not met: Carroll v. Willow Brook Co., supra. True, the leg was so firmly in the ground that, undoubtedly, it could not have been removed without an extraordinary effort. But with the proof before us, in order to sustain the claim, we must not only presume that the decedent made an effort to remove the leg, but that an unusual effort was responsible for the cerebral hemorrhage. We, therefore, have a presumption upon a presumption, which is insufficient proof of an accident: Hall v. Penna. R. R. Co., 60 Pa. Superior Ct. 235; Mankin v. Parry, 70 Pa. Superior Ct. 558; Carroll v. Willow Brook Co., supra.

Furthermore, there is not a particle of evidence in the record that the labor being performed at the time of the alleged injury was not exactly the same kind of work that the employee had been doing for a long period of time, or that it was being done in any unusual or different manner; nor is there proof of the happening of an undesigned, sudden or unexpected event. In other words, there is no evidence of an accident. In McFadden v. Lehigh Nav. Coal Co., 111 Pa. Superior Ct. 501, 507, 170 A. 314, 316, we said: "There is not any evidence in this record which will support the conclusion that the decedent in this case suffered an acci-

544

dent. Our conclusion is that where an employee while in the course of his employment, is performing hard work, but of the same kind and in the same manner as he had been doing it for several years, and while so engaged is stricken with apoplexy and dies suddenly from a cerebral hemorrhage, the performance of such hard labor is not of itself over-exertion as that word is used in our cases, and is not an accident as that term is used in the Workmen's Compensation Law.''

We are of the opinion that the view taken by the court below—that the claimant was unsuccessful in sustaining the burden of proving that death resulted from an accident and not from natural causes—is correct.

Judgment is affirmed.

KELLER and STADTFELD, JJ., dissented.