Lichvan, Appellant, *v.* Jamison Coal Corporation.

Argued April 20, 1936.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Jas. L. Kennedy,* for appellant.

*R. E. Best,* of *Smith, Best & Horn,* for appellee.

PER CURIAM, July 10, 1936:

The referee dismissed the claimant's petition for compensation for the death of her husband because the facts did not warrant a finding that his death was due, or attributable, to an accident, within the meaning and intent of the Workmen's Compensation Act. On appeal to the Board the findings of fact and conclusions of law of the referee were sustained. The claimant then appealed to the court of common pleas which affirmed the Board and dismissed the appeal. The judgment must be affirmed.

The burden was on the claimant to prove by sufficient competent evidence that her husband's death resulted from some accidental violence or from some unexpected and unforeseen occurrence, mishap or untoward event such as would constitute an accident within the meaning of the statute: Swiderski v. Glen Alden Coal Co., 114 Pa. Superior Ct. 21, 173 A. 865; Kincel v. Feraco Construction Co., 113 Pa. Superior Ct. 61, 172 A. 11. This burden she failed to meet.

Claimant's husband was a miner engaged in shoveling coal onto a wagon, which, when loaded, was hauled away. It was part of his usual and ordinary work. He and a fellow workman had loaded four wagonfuls and had just finished loading the fifth. The driver had left with this wagon only a few minutes when claimant's husband collapsed. He died the next day. No autopsy was held. No physician was called to testify. The only witnesses for the claimant were (1) his fellow workman, who helped to load the wagon, and (2) the driver.

They gave no evidence of any accident or of any unusual occurrence of an accidental nature, likely to cause his collapse and death.

The referee pointed out, at the conclusion of the hearing, that no proof of any accident resulting in, or contributing to, the employee's death had been produced, and adjourned the hearing to give the claimant opportunity to procure, if able to do so, medical testimony tending to show that her husband's death was accidental in its nature and not merely the result of a latent disease. At the adjourned hearing no such testimony was produced. The referee's finding that no accident had been proved is in accord with the evidence.

In sustaining the findings of the referee, the Board said: "The mere fact that natural exertion incident to the discharge of usual duties of a man engaged in mining coal, combined with the collapse of the heart, does not make a claim compensable: O'Neill v. Lehigh Coal and Navigation Company, 108 Pa. Superior Ct. 425; Pelusi v. Mandes, 109 Pa. Superior Ct. 439; Foster v. Borough of State College, 110 Pa. Superior Ct. 452. There was no evidence tending to show that the decedent was rushed to load his share of the coal into the car, or that he had been forced to load in an unnatural manner, and we fail to discover any evidence which would tend to indicate any activity on the part of the decedent before he collapsed, greater than that which is usual and customary in the work such as is required by a man engaged in loading coal. We also fail to find any evidence of a medical nature which would tend to show that the death was caused by over-exertion or accident."

It is the function of the referee and the Board, not of the court of common pleas or this court, to make findings of fact. If they are supported by evidence we cannot disturb them. But we are of opinion that the findings of the referee and the Board in this case are

312

sustained by the following cases in addition to those cited above by us and by the Board: Walsh v. Lockhart Iron & Steel Co., 118 Pa. Superior Ct. 467, 180 A. 123; Whitecavage v. Phila. & Reading C. & I. Co., 116 Pa. Superior Ct. 540, 176 A. 757; McFadden v. Lehigh Navigation Coal Co., 111 Pa. Superior Ct. 501, 170 A. 314; Diriscavage v. Penna. Coal Co., 96 Pa. Superior Ct. 189; Mooney v. Yeagle, 107 Pa. Superior Ct. 409, 164 A. 82; Weissman v. Phila. Electric Co., 111 Pa. Superior Ct. 353, 170 A. 318; Carroll v. Willow Brook Co., 108 Pa. Superior Ct. 580, 165 A. 550.

In all of the cases relied on by the appellant, the fact-finding body, that is the Board, or the referee and the Board, had made findings of fact favorable to the claimant, and there was evidence to support the findings.

The judgment of the court of common pleas is affirmed.