## Pirillo, Appellant, v. Barber Asphalt Company et al.

Argued March 19, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*David L. Ullman,* with him *Walter I. Summerfield,* for appellant.

*George H. Detweiler,* with him *Robert A. Detweiler, Sylvia E. Detweiler* and *Charles W. Sweeney,* for appellee.

OPINION BY HIRT, J., June 25, 1940:

The question before us is whether the evidence is sufficient to sustain the finding of the compensation board that claimant's husband died as a result of an accident. The lower court set aside the award and entered judgment for defendant. This judgment will be affirmed.

Decedent's business had been that of a small cement contractor but when not so engaged he had worked as a laborer for defendant, patching concrete pavements and other similar work. While so employed in September 1935, he ruptured the biceps muscle of his right arm. An operation was performed, suturing the tendon, which restored the use of the arm with some functional loss. Compensation was paid for that injury and with it we are not concerned except that because of it decedent was incapacitated and did no work for about one year. He returned to work for defendant on September 1, 1936, when an accident, the subject of this appeal, is alleged to have occurred.

There is no dispute as to the facts. On the one day of his reemployment he worked as a laborer carrying water from a nearby source for the mixing of concrete by other workmen employed by defendant in repairing a pavement. He carried two ten quart pails at a time; the other work which he did, consisted in sweeping the pavement and shoveling broken concrete and other refuse material on to a truck. He did not mix the concrete. He worked nine hours, one hour overtime, until 4:30 in the afternoon. The day was warm but not abnormally so. When the work was finished he complained of being very tired but nevertheless walked to his home a distance of "eight city blocks." That night he suffered

a stroke and was removed to a hospital where he died twenty-five days later. For some time decedent had had a serious heart ailment, diagnosed as chronic myocarditis. The medical testimony is that his heart condition and an abnormally high blood pressure observed in June 1936 might have caused a cerebral hemorrhage at any time without exertion, but that the work he performed on September 1, 1936 was a predisposing and precipitating factor. The final diagnosis of the cause of death was "hypertensive cardiac vascular disease, hemorrhage into the left internal capsule", resulting in "hemiplegia—or a stroke of the right side ...... probably due to thrombosis and generalized arteriosclerosis." The hemorrhage did not occur until five hours after decedent was through with his work.

At the outset we are confronted with the fact that the record is barren of evidence of an accident or of an injury. To sustain an award "there must be some evidence of an accident, either direct or circumstantial, in the latter instance clearly and logically indicating it": *Adamchick v. Wyoming Val. Col. Co.*, 332 Pa. 401, 3 A. 2d 377. "To secure compensation there must be proof both of an accident and of an injury": *Harring v. Glen Alden Coal Co.*, 332 Pa. 410, 3 A. 2d 381. The injury to the physical structure of the body need not be the result of external violence but may originate internally from overexertion. But to constitute an accident there must be some untoward occurrence outside of the usual course of the employment in which the workman was engaged. *Sadusky v. Susquehanna Collieries Co.*, 139, Pa. Superior Ct. 595, 12 A. 2d 828. Claimant contends that the circumstances attending decedent's reemployment furnish evidence of overexertion within the above rule. Conceding that the work done was the ordinary labor usual to decedent's employment with defendant on prior occasions, claimant maintains that in its performance decedent overexerted himself because he was below par physically and unfit to do that kind of work.

There was overexertion it is urged, not from the unusual character of the work but because of the unusual physical condition of decedent, making any manual labor dangerous in its results. The evidence is that his right arm was weakened from the former injury with perhaps 25 percent impairment of function and undoubtedly his muscles were softened by a year's disuse. He returned to work on the advice of the company doctor, but he was favored by the foreman on the job and carrying, in all, 20 pails of water during the day was the hardest work that he performed.

In *Pastva v. Forge Coal Min. Co.*, 119 Pa. Superior Ct. 455, 179 A. 919, this court by Judge CUNNINGHAM said: "Exertion, although light, might in the broadest sense of the word be referred to as overexertion. Overexertion is to be taken in a limited sense and as used in the cases referred to does not include such exertion as has been usually performed by the particular employee as a part of his labors." It is in this sense that overexertion must be considered in determining whether an accident has occurred, as distinguished from disability resulting from natural causes. The compensation laws were enacted for the benefit of the employee but the liability of the employer ends with the obligation to pay compensation for accidental injury. To hold an employer responsible for disability resulting from the fact that an employee is not physically fit, is the equivalent of saying that an employer may hire a laborer only at his own risk. In effect a rule which imposes liability upon an employer for disability or death in such circumstances would make the employer an insurer of the fitness of the applicant for the employment or reemployment. The employer is not an insurer *(Gausman v. Pearson Co.,* 284 Pa. 348, 131 A. 247) and the operation of a rule, so far-reaching, would inevitably result in unemployment, in greater numbers, of men of advanced age, a result not intended by our compensation laws.

In the present appeal the medical evidence that the exertion during the day's work raised the blood pressure which in turn was a factor in precipitating the stroke five hours later, is not sufficient to support a finding of an accident. "Disability, overtaking an employee at his work, is not compensable unless the result of an accident. And the burden is on claimant to prove it was such and not from natural causes": *Gausman v. Pearson Co.*, supra. That burden has not been met by claimant. True, it is probable that her husband would not have suffered a stroke on September 1, 1936 if he had not returned to work, but at most, his activity on that day hastened the disability from which death resulted. The Gausman case is authority also for the rule that disability so hastened cannot be treated as accidental. See also: *Adams v. W. J. Rainey, Inc.*, 133 Pa. Superior Ct. 538, 3 A. 2d 270. The work which decedent was doing was common labor of the same kind performed by him during all of the former periods of employment with defendant and was done in the same manner. To establish that an injury was the result of an accident it must appear that there was an untoward occurrence, not expected or designed, a mishap or fortuitous happening aside from the usual course of events. *Amentlar v. New Up. Leh. Coal Co.*, 131 Pa. Superior Ct. 97, 198 A. 678.

*Adamchick v. Wyoming Val. Col. Co.*, and *Harring v. Glen Alden Coal Co.*, supra, clearly define the limits of liberality of construction in favor of a claimant in cases of this character and with the Gausman case, supra, rule the present appeal. The record discloses no evidence of a fortuitous happening outside of the usual course of events from which an accident may be inferred as a matter of law.

Judgment affirmed.