## Hoon v. State Workmen's Insurance Fund et al., Appellants.

Argued April 30, 1942.

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, RHODES, HIRT and KEN-
WORTHEY, JJ.

*S. H. Torchia,* with him *P. V. Neel, Ralph H. Behney*
and *Claude T. Reno,* Attorney General, for appellants.

*Joseph M. Loughran,* of *Scales, Loughran & Shaw,*
for appellee.

OPINION BY BALDRIGE, J., July 23, 1942:

The claimant, Peter Hoon, commenced to work for
the defendant company in 1934. In the latter part of
1936 he was employed principally in what is known as
trimming cars; improving their appearance by distribut-
ing lumps of coal on top of the loaded cars. On differ-
ent occasions, however, he had been engaged in break-
ing the larger lumps of coal as they passed over a
shaker. The use of a two-pound hammer was required
to do this work which was more arduous than his other
duties.

On Saturday, September 16, 1939, the claimant started
to break coal at 12:30 P.M. and continued so doing until
2:00 P.M. when he experienced a sharp pain over the
region of his heart which lasted but a few minutes;
then he resumed his work. He returned to the mine

Monday morning, September 18, and began to break coal at 7 o'clock. About 9 o'clock he was seized with a pain over the region of his heart which rendered him unconscious. He was taken to his home and Dr. J. H. Kinney was summoned. The physician concluded that the claimant was suffering from an acute attack of angina pectoris. Since that time he has not worked.

The claimant filed a petition alleging that he was permanently and totally disabled as the result of an accidental injury on September 18. The referee, after hearing, awarded compensation for total disability. On appeal the workmen's compensation board reversed the referee's findings and conclusions of law and substituted its own findings to the effect that the claimant's disability was not the result of an accident and disallowed compensation. The court of common pleas on appeal reversed the board and entered judgment in favor of the claimant on the basis of total disability. The court in the course of its opinion said: "It is apparent to us and we so find as a fact that Peter Hoon on September 18, 1939 was performing an unusual and untoward act in the course of his employment."

The claimant contends that his disability resulted from a strain upon his heart caused by overexertion while breaking coal for a longer period of time than usual, which was outside his regular employment. At the time of his seizure he had been engaged 1½ hours continuously at this hard work. There was evidence that on the few prior occasions he had been directed to do this sort of labor he was relieved and had a rest interval after working for shorter periods.

Dr. Kinney and Dr. D. Ray Murdock, called by the claimant, each expressed the opinion in response to a hypothetical question that the strenuous work done by the claimant immediately before his attack was the exciting factor which precipitated the attack. Dr. Kinney stated that angina pectoris may result not only

from continuous hard work but the exciting cause may be doing ordinary work or exercising, even walking.

The defendant's sole witness was Frank McClintock, the tipple foreman, who testified that the claimant on former occasions had done this same type of work from 2 to 2½ hours without relief.

The appellants contend that there is no evidence of any unusual or external occurrence that constituted a compensable accident; that although the breaking of the coal was strenuous work nevertheless it was part of the claimant's regular duties and when he suffered his attack on the 18th of September he had only been working a comparatively short time.

In *Thomas v. Tasty Baking Company et al.*, 140 Pa. Superior Ct. 76, 13 A. 2d 100, the decedent, a supervisor of the men who delivered defendant's products, was substituting for one of the distributors which was a part of his usual duties. An excessive snowfall caused his truck to get stuck and he had to shovel snow and put chains on the wheels to get the car moving. The situation caused him to work faster and for longer hours than usual. We held that a heart attack that followed, although due to strenuous work, was not the result of an accident within our compensation laws.

In *Kincel v. Feraco Construction Co. et al.*, 113 Pa. Superior Ct. 61, 172 A. 11, an employe had been breaking and moving heavy rocks for two weeks in connection with a road construction. In rolling a large rock he collapsed and died a few hours later from a cerebral hemorrhage. We held that the fatal attack came while doing his usual work, although for many years prior to his last employment he worked as a miner. See, also, *Pirillo v. Barber Asphalt Company et al.*, 140 Pa. Superior Ct. 334, 13 A. 2d 906.

In *O'Neill v. Lehigh Valley Coal & Navigation Co.*, 108 Pa. Superior Ct. 425, 427, 165 A. 60, this court said: "We are not concerned about the opinions of

medical experts, relative to causal connections, in this, or in any, compensation case, until we have first found direct or circumstantial evidence of an accident."

It is not sufficient to show that during work one experiences a sharp pain in the region of the heart. The proof must show that there was an accident, some unexpected or fortuitous event that caused the employe to be stricken. This claimant was doing work in the way he intended to do it and without any unusual external occurrence. The evidence was clearly insufficient to establish an accident. See *Rocco v. Ellsworth Collieries Co.*, 111 Pa. Superior Ct. 508, 170 A. 316; *Amentlar v. New Upper Lehigh Coal Company*, 131 Pa. Superior Ct. 97, 198 A. 678; *Fetrow v. Oliver Farm Equipment Sales Co. et al.*, 132 Pa. Superior Ct. 39, 1 A. 2d 249; *Ferraro v. Pittsburgh Terminal Coal Corporation*, 142 Pa. Superior Ct. 22, 15 A. 2d 559; *Royko v. Logan Coal Company et al.*, 146 Pa. Superior Ct. 449, 22 A. 2d 434; *Paydo v. Union Collieries Co.*, 146 Pa. Superior Ct. 385, 22 A. 2d 759; *Parks v. Miller Printing Machine Company et al.*, 336 Pa. 455, 9 A. 2d 742; *Crispin v. Leedom and Worrall Co. et al.*, 341 Pa. 325, 19 A. 2d 400.

In any event it cannot be said that the evidence proved so conclusively that the claimant's disability is due to a compensable accident that the board was required to so find. It is given specific authority to find facts and these findings are final. See *Tomshuck v. Wallin Concrete Corporation et al.*, 146 Pa. Superior Ct. 390, 394, 23 A. 2d 74. The appeals to the court of common pleas and to this court are limited to a question of law, viz., whether the findings are supported by sufficient, competent evidence.

The court therefore fell into error in striking out the board's eleventh finding of fact and in lieu thereof reinstating and substituting the referee's finding.

The judgment of the court below is reversed and is now entered for the defendant in accordance with the order of the board.