# E. H. Myers and John H. Myers, Appellants, *v.* Thompson S. Martin, Trading as Martin Construction and Supply Company.

*Real estate—Unlawful occupation—Trespass—Lease—Interpretation of—Reformation.*

In an action of trespass for the unauthorized occupation of land, a verdict is properly directed in favor of the defendant where the evidence established that he held by a lease prior in date to that under which plaintiff claimed. Without averment that by fraud, accident or mistake, the land intended to be leased to plaintiffs was included in the lease to defendant, evidence of such intention is inadmissible.

Argued November 9, 1925. Appeal No. 97, October T., 1925, by plaintiffs, from judgment of C. P. Lancaster County, March T., 1923, No. 59, in the case of E. H. Myers and John H. Myers v. Thompson S. Martin, Trading as Martin Construction and Supply Co. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass for the unlawful occupation of land. Before HASSLER, J.

The facts are stated in the opinion of the Superior Court.

The Court directed a verdict in favor of the defendant, and judgment was entered thereon. Plaintiff appealed.

*Error assigned,* among others, was refusal of plaintiffs' motion for judgment non obstante veredicto, and in directing a verdict for defendant.

*F. Lyman Windolph,* for appellants.

*Willis G. Kendig,* for appellee.

OPINION BY LINN, J., February 26, 1926:

Appellants brought trespass alleging unauthorized occupation of their land by defendant. He claimed

the right to occupy under a lease to him which appellants conceded was executed and delivered by them. The court directed a verdict for defendant; plaintiffs appeal and complain (1) of that direction, (2) of the refusal of judgment n. o. v., and (3) of two rulings on evidence.

The leasehold was described as ''......a tract of land at Pequea, Martic Township, Lancaster County, Penna., bounded on the west by the Columbia and Port Deposit Branch of the Penna. Railroad right-of-way; on the north by Pequea Creek; and on the east and south by other lands of the lessors herein now used by the Lancaster and York Furnace St. Railway Co. Said land being more particularly set forth and described in a plan attached hereto, and intended to include sufficient ground on the tract above mentioned for a railroad siding to connect to the present siding terminus of the Millersville and Pequea Supply Co., and extend north and eastward over the old roadbed of the Lancaster and York Furnace St. Railway Co., crossing the public road on the south side of Pequea Creek near the bridge, and thence extending along Pequea Creek and north of the present main roadbed of the Lancaster and York Furnace St. Railway Co., a distance of approximately nine hundred (900) feet to a point connecting with said main line of the Railway Co. Also sufficient ground for the erection and operation of a coal tipple and the necessary buildings and equipment connected with a river coal plant. The party of the second part to have the privilege to connect to the main tracks of the Lancaster and York Furnace St. Railway Co., for the shipment of river coal to Lancaster.''

After that lease had been in effect fourteen months, appellants made another lease to another lessee of ''All that certain lot of land situate in the village of Pequea, Lancaster County, Pennsylvania, bounded on the north by the middle of Pequea Creek, on which it

fronts 113 feet; on the east by the public road, or bridge; on the west by property of the Columbia and Port Deposit Railway Company; and on the south by the railroad siding of the Lancaster and York Furnace St. Railway Company.''

It will be observed that each tract is bounded on the north by Pequea Creek, and on the west by the same railway property, intersecting lines bounding the same land. The second lessee could not take possession of the tract leased to him because the defendant occupied it as part of his leasehold. That occupation was the trespass complained of. If the disputed land was leased to defendant, the instruction to the jury was correct.

Certainly, on the face of the leases, and according to the plan attached to defendant's lease, the tract described in the second lease is part of that described in the first. Plaintiffs could therefore not succeed without showing that the tract of 113 feet bounded by Pequea Creek on the north and by the railroad property on the west, was not intended to have been included in the lease to defendant; to show that would involve a reformation of the instrument, which in this suit could only have been accomplished by proof that the land alleged to have been wrongfully occupied by defendant was included within the boundaries of the lease to him through some fraud, accident or mistake. There was no proposal to do that. The complaints that objections to evidence were sustained are without merit.

Judgment affirmed.