## Ancello v. Elk Tanning Company, Appellant.

*Workmen's Compensation Law—Workmen's Compensation Board—Agreement—Modification.*

Under the provisions of section 413, of paragraph 2, of the Workmen's Compensation Act of 1919, P. L. 642, 661, the Workmen's Compensation Board, or referee designated by the Board, may, at any time, within the period of possible statutory liability, modify, reinstate, suspend or terminate an original or supplemental agreement or an award, upon petition filed by either party, upon proof that the disability of an injured employee has increased, decreased, recurred, or has temporarily or finally ceased.

A compensation agreement, based upon a four days' disability due to an accident to the eye, will be modified, even after three years when the final result of the accident is a total loss of the eye.

In such case, it is immaterial that the claimant may or should have known that he had lost the use of an eye, when a physician advised him to have it removed, and that he waited more than 125 weeks thereafter, although within the original 500 week period, to come in under section 413 to have the agreement reinstated and modified.

Argued April 15, 1926. Appeal No. 9, October T., 1926, by defendant, from order of C. P. Clearfield County, December T., 1925, No. 104, in the case of Pancrasio Ancello v. Elk Tanning Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Appeal from Workmen's Compensation Board. Before CHASE, P. J.

The facts are stated in the opinion of the Superior Court.

354     ANCELLO *v.* TANNING CO., Appellant.

Assignment of Error—Opinion of the Court.   [88 Pa. Superior Ct.

The court affirmed the award of the Workmen's Compensation Board. Defendant appealed.

*Error assigned* was the decree of the court.

*Archibald F. Jones,* for appellant.—An agreement cannot be modified which is filed after the expiration of 125 weeks from the time that the claimant knew that the sight of his eye was permanently lost: Gairt v. Curry Coal Mining Co., 272 Pa. 494; Lente v. Luci, 275 Pa. 217; Levan v. Susquehanna Collieries Co., 11 Dept. Rep. 455.

*John C. Arnold,* of *Hartswick, Arnold & Platt,* for appellee.—A disability agreement could be modified whenever the facts develop which show the need of or right to compensation: Hughes v. American I. S. C., 270 Pa. 27; Chase v. Emery Mfg. Co., 271 Pa. 265; Dunn v. Trego, 279 Pa. 518; Miller v. Pittsburgh Coal Co., 77 Pa. Superior Ct. 51.

OPINION BY LINN, J., July 8, 1926:

Claimant was injured in the course of his employment at appellant's tannery July 31, 1920, by a piece of bark blown into his eye. A compensation agreement was executed August 30, 1920, and approved by the board September 8, 1920, in which it was stated that claimant had been injured and was entitled to compensation for four days' disability—from August 12 to August 16, when he returned to work. He received the amount payable and signed a final receipt, filed with the bureau September 13, 1920. Thereafter he was able to work only for short periods with varying intervals of absence from work until November 23, 1922. He consulted different physicians until February 1924, when his eye was removed. There is evidence to support the finding that the removal of his eye was rendered necessary by the injury of July 1920. On Septem-

ber 10, 1924, he filed his petition for the modification of the compensation agreement on the ground that he had "been totally disabled for a period, and partially disabled for a further period, and had been required to have his left eye removed, as a result of said accident."

The matter was heard by the referee, who, while finding the facts stated above, dismissed the petition on the ground that it should have been filed within 125 weeks from August 9, 1920, apparently on the theory that since section 306, par. (c) 1919, P. L. 645, limited liability to pay compensation for the loss of an eye, a petition filed after the expiration of that period was too late.

On appeal, the board differed from the referee's legal conclusion and held that when the agreement was made it provided for a period of total disability,—that an employer must know that his obligation to compensate for total disability will continue for 500 weeks (section 306, par. a) unless the disability change meanwhile,—and that as claimant's petition was filed within that period, he was in time. Compensation for the loss of the eye was therefore awarded for 125 weeks, with credit for the amount paid under the agreement.

The common pleas properly affirmed that award. The referee found as a fact that the eye became sightless "probably within a year from the happening of the accident"; he states that appellee testified that about a year after the injury he was advised by a physician that he "should have his eye removed to save the sight of the other eye," and that he notified appellant of that advice but was told by appellant that "because he had signed a paper they had nothing further to do with the case."

Appellant's argument now is to the effect that after the lapse of 125 weeks from the time when claimant knew that he had lost the use of his eye, there was no

power to review the agreement,—that such power existed only during the period of possible liability for the loss of an eye; that (in the words of the brief) "the presumed agreement was reduced from 300 weeks for partial disability to 125 weeks for the loss of an eye." That argument overlooks the statutory element of the agreement; at the beginning there was total disability, for which the possible statutory liability is 500 weeks, liable to be reduced of course, by appropriate proceedings pursuant to sec. 413, infra. This record shows that the parties thought, erroneously, as appeared later, that the total disability had ceased four days after the injury became compensable. Section 413, in the second paragraph (1919 P. L. 642, 661) provides: "The board, or referee designated by the board, may, at any time, modify, reinstate, suspend, or terminate an original or supplemental agreement or an award, upon petition filed by either party with such board, and upon proof that the disability of an injured employee has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, rein-statement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employee has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed." As the original complaint which resulted in the agreement of August 30, 1920, was filed in time, the board had jurisdiction of the claim and the agreement; and that power over them continued during the period of possible disability, during which, "at any time," as the statute says, and necessarily within the statutory period of possible liability for total disability, a petition might be filed for additional action by the board on the claim or agreement. That was done here; it is immaterial that the claimant may

or should have known, as appellant suggests, that he had lost the use of his eye when a physician advised him to have the eye removed, and that he waited more than 125 weeks thereafter (though within the original 500-week period) to come in under section 413 to have the agreement reinstated and modified. It is unnecessary to quote precedents to support this conclusion as the subject has been very recently considered by both appellate courts: see Manley v. Lycoming Motors Corp. etc., 83 Pa. Superior Ct. 173; Gairt v. Coal Co., 272 Pa. 494, 496, etc.

Judgment affirmed at the cost of appellant.