## Dewees *v.* Day et al., Appellants.

*Workmen's compensation board—Prior physical condition—Aggravation by injury—Expert testimony—Evidence—Words and phrases.*

1. Where there is competent medical evidence that a pre-existing physical condition has been aggravated by an accident to a workman, compensation is properly allowed.

2. Where a medical expert in stating his opinion precedes it by the use of the words "I think," such words will be construed as meaning "I believe."

Argued November 28, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 253, Jan. T., 1927, by Day & Zimmerman et al., from judgment of C. P. No. 4, Phila. Co., Dec. T., 1926, No. 18198, affirming award of workmen's compensation board, granting compensation, in case of William Dewees v. Day & Zimmerman, defendant, and Liberty Mutual Insurance Co., insurance carrier. Affirmed.

Appeal from workmen's compensation board. Before McCULLEN, J.

The opinion of the Supreme Court states the facts.

Decision of the workmen's compensation board sustained. Defendants appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*Rodney T. Bonsall,* with him *Benjamin O. Frick,* for appellant, cited: Fink v. Sheldon Axle & Spring Co., 270 Pa. 476; Vorbnoff v. Machine Co., 286 Pa. 199; McCrosson v. Traction Co., 283 Pa. 492; Saroka v. C. & I. Co., 87 Pa. Superior Ct. 503; Gausman v. Pearson Co., 284 Pa. 348.

*Samuel Kagle,* with him *George C. Klauder,* for appellee, cited: Vorbnoff v. Machine Co., 286 Pa. 199; Clark v. Lehigh Val. Co., 264 Pa. 529; Whittle v. Chemical Co., 266 Pa. 356; Yodis v. C. & I. Co., 269 Pa. 586; Fink v. Sheldon Axle & Spring Co., 270 Pa. 476; McCoy v. Steel Co., 275 Pa. 422; Mauchline v. Ins. Fund, 279 Pa. 524; Sullivan v. R. R., 272 Pa. 429; Jones v. C. & I. Co., 285 Pa. 317.

OPINION BY MR. JUSTICE WALLING, January 3, 1928:

This is a workmen's compensation case. On September 9, 1923, plaintiff, the claimant, while employed by defendants as a carpenter, accidentally fell thirty-five feet, landing on his head and shoulders. He thereby sustained a scalp wound and a fracture of the body of the third, fourth and sixth cervical vertebra. None of the latter was displaced and at the end of eighteen days he was discharged from the hospital. Thereupon, deeming himself on the way to full recovery, he settled with and released the defendants. Soon after leaving the hospital, however, an inflammation of the joints and membranes, known as osteoarthritis, actively developed in the location of the spinal injury and resulted in total disability. Later, the compensation authorities reopened the case and, after a hearing, the referee awarded compensation, which on appeal was affirmed, and, after further hearing, reaffirmed by the compensation board. On the first appeal to the common pleas, the proceedings were reversed and returned for further hearing and on the second appeal thereto the award was affirmed; therefrom the defendants and the insurance carrier have appealed.

The record discloses no reversible error. The contention on behalf of plaintiff is that, while before the accident he was apparently in good health and able to work, he had a condition of latent osteoarthritis which was aggravated and rendered active by the accident and that the latter was, therefore, the superinducing cause of his disability. If so, admittedly the award was right. See Vorbnoff v. Mesta Machine Co., 286 Pa. 199; Clark v. Lehigh Valley Coal Co., 264 Pa. 529. Appellants denied the prior existence of the osteoarthritis or that it was aggravated by the accident; hence, the burden of proof as to both rested on the claimant. See Saroka v. P. & R. C. & I. Co., 87 Pa. Superior Ct. 502. The single statement of question involved in the instant case is: "Was there com-

petent evidence before the referee and workmen's compensation board that the claimant had a pre-existing physical condition which was aggravated by the accident?" This was and must be answered in the affirmative. True, a necessary fact depending on expert evidence must be supported at least by the definite opinion of the expert: Vorbnoff v. Mesta Machine Co., supra; Gausman v. Pearson Co., 284 Pa. 348; McCrosson v. Phila. Rapid Transit Co., 283 Pa. 492, 495; McCoy v. Jones & Laughlin Steel Co., 275 Pa. 422; Sullivan v. Baltimore & Ohio R. R., 272 Pa. 429; Fink v. Sheldon Axle & Spring Co., 270 Pa. 476. As to the prior existence of the osteoarthritis, it is sufficient to refer to the testimony of Dr. Blakeslee, medical examiner of the compensation board, who was familiar with the case and said: "Q. He may have had this osteoarthritic condition at the time of the accident? A. Yes, sir; I am strongly of the opinion that he did." This measures up to the required standard and therefore it is not our province to weigh it with conflicting evidence. See Stahl v. Watson Coal Co., 268 Pa. 452; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163.

As indicating that the osteoarthritis was aggravated by the accident, Dr. Bramlett testified, "I think the accident was the exciting cause of his condition," and, further, "I think the injury is the exciting cause, yes, because the osteoarthritis in my opinion would have been later delayed in life, if it had developed at all. It might not have developed in the neck more than in the arm. I think it was the exciting cause, was the cause of his arthritis developing as quickly as it did, and it is more pronounced in the area that has been injured." The words "I think" are equivalent to "I believe" and, when used by an expert, amount to an expression of professional opinion: Jones v. Phila. & Reading C. & I. Co., 285 Pa. 317. There was other evidence pro and con, but we have called attention to

sufficient to indicate controlling questions of fact proper for the compensation authorities to pass upon.

Moreover, that appellee, sixty-four years old, apparently in good health, sustained this remarkable fall, resulting in the fracture of three cervical vertebræ and within a short time became so seriously crippled at the seat of the injury as to be totally disabled, tended to support his contention and might properly be considered in weighing the evidence. See Davis v. Davis, Director General, 80 Pa. Superior Ct. 343.

The judgment is affirmed.