Lambert et ux *v.* Barry, Appellant.

222

Argued April 9, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*J. Earl Ogle, Jr.,* and with him *Joseph Levy,* for appellant.

*Clarence L. Shaver,* for appellees.

OPINION BY TREXLER, J., July 2, 1929:

The appeals of the defendant were taken from the judgments recovered in an action brought by Joseph F. Lambert and Mary, his wife, arising out of the collision between the automobiles of Joseph F. Lambert and the defendant.

Between nine and ten o'clock at night, Lambert and his wife, in his automobile, were approaching a place where the Lincoln Highway turns rather sharply to the right. As he came to the intersection, he turned to the left and entered a country road which joins the highway at that point, the junction being called a "Y" at the trial. As he turned into the country road and had left the improved road, the defendant, coming up a hill on said highway to plaintiff's right, on making the turn, left the improved part of the highway and entered the country road, striking the right front side of plaintiff's automobile and producing the injuries for which recovery is sought. Defendant after the collision continued over a ditch on the side of the country road through a fence and landed in a potato field.

Taking for granted, as we must, that the testimony produced in support of plaintiff's claim was verity, there seems to be little doubt as to the negligence of the defendant and the absence of it on the part of the plaintiff. When plaintiff turned to the left at the intersection, he had left the improved part of the Lincoln Highway. The defendant who came up the hill on

plaintiff's right was not able to make the turn at the rate he was going and instead of making the turn, he swung around, departing from the highway and struck the plaintiff's car. The cause for this is obvious. He was going at the rate of 40 or 45 miles an hour and had not slowed down at the angle in the road and swerved. The marks on the ground seen after the accident confirmed this.

The defendant claims that the plaintiff was approaching the intersection on the wrong side of the road and crossed the path of the uphill traffic and that the driver of the defendant car, on reaching the curve, saw plaintiff's car crossing the path and in order to avoid a collision, drove straight ahead onto the dirt road instead of attempting to make the curve on the main highway and that after he had done this and had come to a stop, plaintiff's car collided with his. The jury did not believe this version of the affair and the ascertainment of the truth was for them. It mattered not what the plaintiff did before he reached the curve, if after he reached it he was off the highway before the defendant got there. The plaintiff's story is to the effect that he waited until he got to the curve of the road before he attempted to cross the line of traffic.

It is not necessary to discuss all the details of testimony in this case. We may add that the plaintiff was going six or eight miles an hour and that the defendant was going at the rate of 45 miles. There was enough evidence to sustain the verdict. As the defendant was not guilty of contributory negligence, his wife of course, could not have any imputed to her.

During the period following the accident, the wife was unable to do any work and her mother came and did the housework and the plaintiff seeks to recover what her services are worth. The defendant objects because there was no evidence of any specific contract

between the wife's mother and the plaintiff's husband. However, the family relation did not exist at the time. The wife's mother left her own home and Lambert testified that he "employed" her to do the housework and to wait upon his wife. The husband expressed this thought in the form of a conclusion, but it was allowed to go in without objection and the wife's mother later stated that she went to her daughter's house because she was called there and performed the duties partly of nurse and partly of housekeeper and that her presence was necessary because of her daughter's condition. It would seem that the husband was liable to pay her for her services and that therefore in turn the value of such services would form a part of the damages to which he would be entitled to by reason of the injury inflicted. The case of Goodhart v. Penna. R. R., 177 Pa. 1, which holds that plaintiffs in cases of this character cannot recover for nursing and attendance of members of the family of the party injured, does not apply for it must be observed that here the family relation did not exist between these plaintiffs and the wife's mother, but she was brought from a distance to minister to her daughter by reason of the exigencies of the occasion and intended to return to her own home as soon as her services were no longer required.

It was held in Brown v. McCurdy, 278 Pa. 19, that the mere fact that a claimant was a daughter-in-law of the decedent raised no presumption of gratuitous service. The contrary is true where the claimant is a part of the family.

The verdict of $2,400 awarded Mary Lambert was justified by the facts in the case. The doctor's testimony shows that the wife was suffering from a loose kidney and that she was permanently injured. The objection that the doctor used the words "I think" has no merit. The words are equivalent to "I believe" and

when used by an expert, amount to an expression of professional opinion: Dewees v. Day, 291 Pa. 379. The wife had a contusion on the back and the doctor testified that she had a floating kidney which might result from a traumatic injury. The woman could only do half as much work after the injury as before. There was sufficient in the case to allow the jury to attribute the bruise to the accident and that the loose kidney resulted from it. We think all the essential elements in the plaintiff's case were abundantly proven and that the verdict was just and reasonable.

All the assignments of error are overruled and the judgment is affirmed.