Kulick *v.* Susquehanna Col. Co., Appellant.

Argued October 26, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*T. G. Wadzinski*, and with him *Henry A. Gordon*, for appellant.

*Roger J. Dever*, for appellee.

OPINION BY BALDRIGE, J., December 16, 1933:

The claimant in this compensation case sustained a back injury on October 13, 1931. Payments at the rate of $15 per week were made from October 20, 1931, to July 14, 1932, when a final receipt was tendered him, which he refused to sign. On August 11, 1932, defendant filed a petition to terminate the compensation agreement, alleging that the claimant was able to resume work on July 15, 1932. The referee found that the claimant continued to be totally disabled, due to an arthritic condition of the shoulders which developed after the accident, and ordered the payment of compensation to be continued until there was a change in the claimant's disability. On appeal, the board set aside the referee's finding, and, in lieu thereof, found that "the accident and injury sustained by the claimant aggravated and accelerated this disease (osteoarthritis) as to be the predisposing and superinducing cause of disability," and dismissed the appeal. The learned court below affirmed the board.

The only question before us is whether there was competent testimony to support the findings of the board. The appellant's position is that the claimant had fully recovered from the injury he received on October 13, 1931, and that he is now suffering from chronic arthritis due to natural causes. Dr. Mulligan, called on behalf of the defendant, testified that he took X-ray pictures of the claimant seven months after the accident and found "some evidence of chronic osteoarthritis in the thoracic spine, which is of long standing;" that in his opinion, the claimant's condition was not due to the injury, but he "couldn't definitely say it (the injury) didn't have some influence" on the existing arthritis. Dr. Smoczynski, called upon the part of the claimant, expressed the opinion that the injury produced the arthritis, but that if arthritis was present before the injury, the accident was

"a pronounced aggravating factor." His testimony, in part, was as follows:

"Q. You heard Dr. Mulligan testify and you were here when he produced X-rays?

"A. Yes.

\* \* \* \* \* \*

"Q. Do you disagree with that opinion?

"A. I wouldn't be able to be that positive about it.

\* \* \* \* \* \*

"Q. Can you read X-ray pictures?

"A. No, sir.

"Q. Then you are not competent to disagree with Dr. Mulligan in the reading of these X-rays?

"A. I have great faith in Dr. Mulligan and trust him with all my X-ray work, but so far as the X-ray is concerned, I wouldn't agree [?] with Dr. Mulligan, but I am arguing from the symptoms and the history in this instance."

The evidence thus conclusively shows that the claimant at the time of the hearing had an arthritic condition. The doctors differed only as to the time of its origin, and the board, in view of the somewhat uncertainty of Dr. Smoczynski's testimony as to that disputed question, accepted Dr. Mulligan's opinion that the arthritis existed prior to the injury. The appellant argues that the testimony of Dr. Smoczynski was weakened in his cross-examination, in stating, in reply to an inquiry as to whether this injury aggravated the arthritic condition of claimant's spine: "If he had it, it is possible to have arthritis aggravated by an accident of this nature." The interpretation we place upon his answer, in view of his opinion on direct examination, is that if the claimant had arthritis before the injury, it was aggravated thereby. This testimony would have been clearer if a semicolon instead of a comma had been placed after the first "it," making it read: "If he had it; it is possible

to have arthritis aggravated by an accident of this nature."

Taking this record as a whole, there was sufficient competent evidence to support the finding of the board (1) that the claimant had an arthritic condition before the accident, and (2) that the accident "aggravated and accelerated this disease": Dewees v. Day et al., 291 Pa. 379, 140 A. 345; Dopkin v. P. & R. C. & I. Co., 296 Pa. 71, 145 A. 707.

Judgment affirmed.