## Huerbin *v.* D. L. Clark Company et al., Appellants.

Argued April 9, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Murray J. Jordan,* with him *Fred J. Jordan,* for appellants.

*Herman Lipsitz,* for appellee.

OPINION BY PARKER, J., June 24, 1940:

In this workmen's compensation case the claimant met with an accident on February 6, 1935, in the course of her employment, and compensation for total disability was paid to her until September 4, 1935. She executed a final receipt on September 5, 1935, and returned to work at her former wages. On January 18, 1936, she and a number of fellow employees were laid off. She then worked off and on for other employers until June 30, 1936. On August 24, 1936, she filed a petition to set aside the final receipt, apparently relying upon §434 of the statute.

The board set aside the receipt and awarded compensation for disability as follows: Partial from September 9, 1935, to January 18, 1936, then total to August 1, 1936, partial to October 1, 1936, total to March 2, 1937, partial to April 15, 1937, and then total for an indefinite period. On appeal a court of common pleas affirmed the award and entered judgment for the claimant.

The appellant attacks the judgment on the alleged grounds that the evidence was not sufficient to warrant setting aside the final receipt and that in any event the evidence was not sufficient to support a finding that claimant was entitled to compensation for *total* disability. We find no merit in the first contention, but the second contention must be sustained at least in part.

We have many times stated that it is not essential under which section a petition may have been presented provided proper grounds for action under either be proven: *Krock v. Ballard Sprague & Co.,* 104 Pa. Superior Ct. 389, 397, 159 A. 191; *Gardner v. Pressed Steel Car Co.,* 122 Pa. Superior Ct. 592, 598, 186 A. 410. Where an injured person, thinking he has fully recovered, makes a settlement with and releases the employer, it is proper, on development of future disability, to reopen the case and award compensation pursuant to the second paragraph of §413 of the Workmen's Compensation Law if the facts warrant it (*Dewees v. Day &*

*Zimmerman,* 291 Pa. 379, 140 A. 345), provided a petition is filed within the limitations fixed in that section (77 PS §772). Since the application for relief was presented within the time that the agreement had to run and within one year of the date of the last payment of compensation, the claimant is in time and is entitled to relief if the disability has increased or recurred.

Assuming that disability had ceased, as appellant contends, on September 5, 1935, there certainly was ample evidence to support a finding that within the year disability recurred. Her disability was shown to have been caused or at least aggravated by a fall in which her back was twisted. Even when working she suffered constant pain and special consideration had to be shown her when she did work. She was compelled to wear a brace and there was definite evidence of injuries to one or both of the sacroiliac joints. Even the defendant's expert gave testimony showing a serious involvement of the parts in that region. For a time she was confined to her bed in a cast. Under such circumstances, it is idle to suggest that if the disability ceased on September 5, 1935, it did not recur. The real problem the board had to meet was to determine the degree of disability of the claimant.

The proofs met the requirements as stated in *Eberts v. Sears Roebuck & Co.,* 334 Pa. 505, 510, 6 A. 2d 577, that where a final receipt has been given the evidence required to overthrow it "must be of a more definite and specific nature than that upon which initial compensation is based," even though §413 is invoked.

The findings of the board with relation to the periods during which claimant was totally disabled are not supported by substantial evidence and the board erred in applying the law to the facts. The statute provides compensation for loss of earning power and loss of wages is only one of many elements to be considered in ascertaining what the compensable loss is in fact. While the law divides the field of compensable loss by making

provision for total and partial disability, the line of demarcation is frequently so obscure that it is not practicable to divide a given period into short periods and say that for so many hours, a few days, or an even longer period, the disability was total and for the balance of the time partial. Where one has short periods of total incapacity, or even when the degree of partial disability varies, a more satisfactory result is obtained by considering a longer period and striking an average. We thus not only take into account the actual cash income that is lost, but we may also give weight to the effect which intermittent service has on the ability to secure and retain employment.

When one meets with a severe accident it is usually followed by a period in which the injured party is totally incapacitated for a time and very properly total disability is allowed until he is able to return to some employment or obtain an earning power. That is proper and reasonable and it is practicable to draw a line there. The present case suggests a second situation where a similar treatment of the matter might be given. The claimant here contends that she went to a hospital for an operation at a time when she was disabled, that she was placed in a plaster cast and returned to her home where she was confined to bed for a period and then confined to her home for a time. If the board finds that the claimant was totally disabled for such a period it would be proper to allow compensation for total disability for that time.

Total disability was found for the period from January 18, 1936, to August 1, 1936, yet it is admitted that claimant worked during part of that period for Donahoe's and earned about the same wages as she did before the accident. The total disability was dated from the exact date that she was discharged by the defendant, yet she complained that she was discharged and testified that at that very time she looked for other

work, that she found it and was gainfully employed. This rebuts any inference that she had no earning power at that time. The evidence with relation to this period will require further consideration by the board, and in that connection we call attention to the unsatisfactory character of the claimant's testimony. At the same time the board will take into consideration the fact that there was some expert testimony from which an inference could be drawn as to her loss of earning power.

Total disability was found for the period between October 1, 1936, and March 2, 1937. It was during this period that she had hospitalization, beginning October 29, 1936, and ending November 2, 1936. She wore a cast for four weeks. Dr. Blumer, who treated her in the hospital, testified that on January 18, 1937, she was able to return to work and that she told him she was. She denied that statement, but we quote from her testimony given on February 23, 1937: "Q. Why are you not working now? A. I was laid off ...... Q. And why couldn't you do any of that work? A. Well, I have that pain constantly; it wouldn't *pay* me to take a job because I would be laid off. I would not be able to work steady in the job. [Italics supplied] ...... Q. And what is your present physical condition? A. Well, I can't do any work at all. I had three offers of a job but had to refuse them ...... Q. Do you feel any worse now than you did on September 5, 1935? A. Well, I feel a little better since I came out of the hospital."

Since she was only partially disabled prior to her treatment at the hospital and as she admitted she felt better in February than she did before the hospitalization, her own testimony corroborates the doctor. It follows that the record will not support a conclusion that she was totally disabled for the entire period between October 1, 1936, and March 2, 1937.

Total disability was also found for an indefinite period beginning April 15, 1937. The claimant was employed as a canvasser by Leber Brothers from March

2, 1937, to April 15, 1937. At an adjourned hearing held May 13, 1937, claimant testified that it caused her pain to do that canvassing work, that she was compelled to cease that employment due to a pain in her leg. She also called as a witness at the May hearing Dr. E. W. Fiske, one of the many doctors who attended her, and he said that he examined claimant on March 20 and April 16, 1937. The doctor described in technical terms and in considerable detail the result of his clinical examination and of operating her muscles and joints. His observations indicated quite clearly some serious disturbance in the sacroiliac region although he did not testify that it was necessarily due to trauma. He did give it as his opinion that claimant should be examined and treated in a hospital and that at least six months' treatment would be required to restore her to such a state that she could work "without any further trouble." He did not testify that she was then totally disabled nor give any evidence from which the conclusion could be reasonably drawn that she was then disabled to that extent.

The testimony given at the May hearing will not support the finding that claimant was totally disabled after April 15, 1937. The burden was on claimant to show the extent of her disability. This burden cannot be met by the statement of indefinite conclusions. When we say that findings of the board must be supported by evidence, it means substantial evidence which is more than a mere scintilla. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion": *Consolidated Edison Co. v. National Labor Relations Board,* 305 U. S. 197, 229, 59 S. Ct. 206. While it is desirable that there be a flexibility in administrative procedure, such desire will not justify orders where they are not made on the basis of evidence having rational probative force.

There was sufficient testimony given at different times to support a finding of partial disability, but the evi-

dence is meager as to the extent of even that disability after April 15, 1937. There is nothing in the evidence to indicate whether claimant intends to submit to hospitalization during a period that would necessarily entail total disability and unless there is further evidence of a change in her physical condition compensation may not be allowed for total disability for that time.

Three years have passed since the last evidence was furnished and many changes may have taken place. As this record must be returned to the board for new findings, an opportunity should be afforded the parties to furnish, if they so desire, further testimony bearing on claimant's condition since April 15, 1937. In connection with a re-examination of the facts, we call attention to the board's action in finding a change from partial to total disability almost invariably on a basis of a loss of wages rather than loss of earning power. The two may be coincident but are not necessarily so.

Judgment reversed and the record is remitted to the court below that it may be returned to the workmen's compensation board for such further hearings as may be necessary and for further findings as to degree of disability in harmony with this opinion.