## Wess v. Diebold Lumber Company et al., Appellants.

Argued May 7, 1940.

Be-

fore KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Leo A. Nunnink*, with him *Francis A. Wolf*, for appellants.

*Thomas N. Griggs*, for appellee.

OPINION BY CUNNINGHAM, J., July 19, 1940:

The single question raised by this appeal in a workmen's compensation case is whether there is on the record substantial competent evidence adequately supporting the finding of the referee, affirmed by the board and court below, that claimant's admitted total disability is attributable to the aggravation, by an accidental injury, of a pre-existing osteoarthritic condition.

Claimant, who was employed as a cutter in defendant's mill, had not missed a day because of illness during the forty-nine years previous to October 30, 1933. On that day, as he was about to place a belt on some machinery, his sweater was caught in the revolving shaft; he was carried around the shaft, his clothes were torn off, and he was severely injured when thrown to the floor.

His injuries consisted, inter alia, of fractures of the tenth and eleventh ribs on the right side, bruises and

78

contusions over the entire body, especially severe over the right lumbar region; later an abscess of the back developed. Admittedly, claimant, at the time of the accident and for some time previous thereto, had an osteoarthritic condition.

An open agreement for compensation for total disability, at the rate of $13.65 per week, was executed November 28, 1933, under which claimant was paid until July 29, 1934, when his employer, without filing any petition to terminate or taking other action, discontinued all compensation payments.

The present controversy arose out of the filing by the employer on August 12, 1935, of a petition to terminate the agreement; it was filed under Section 413 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §772-774. After four hearings the referee made the following finding:

"Sixth: After a careful review of the numerous medical opinions advanced on the record, your referee believes and so finds as a fact that the claimant at the present time is still totally disabled as a result of an aggravation of an osteoarthritic condition, and that same aggravation still continues and is likely to continue for an indefinite period. This opinion is based on the continuous chain of symptoms set in motion by the claimant's accidental injury of October 30, 1933, and, as long as these symptoms continue, your referee believes that we are to regard the aggravation as still continuing. This view is substantiated by the preponderance of medical testimony contained in the record."

This finding was affirmed by the board, and the termination of the agreement accordingly refused. The appeal of the employer and insurance carrier to the common pleas was dismissed, and payments, in accordance with the agreement, were ordered to be resumed as of July 29, 1934, with interest etc. This appeal is from that judgment.

Our review of the record has satisfied us that appellants failed to meet the burden assumed by them under their petition and that the medical evidence in behalf of claimant fully supported the referee's finding and warranted the dismissal of the petition to terminate. Compare *Kulick v. Susquehanna Collieries Co.*, 111 Pa. Superior Ct. 35, 38, 169 A. 398.

In this connection, reference may be made to the following testimony: Dr. John A. Heberling first examined claimant October 22, 1934. He found a large scar over the crest of the right lower back, scar tissue and extreme tenderness over the right lumbar region. In his opinion, the injury aggravated the existing osteoarthritic condition and claimant's total disability is due to "the presence of arthritis, plus the injury."

Dr. Charles M. Pauley attended claimant since May 11, 1935. He stated that in his opinion claimant's total disability was "due to the aggravation of the pre-existing osteoarthritis"; that the accident caused the aggravation; and that the "exciting" cause of claimant's disability was the accident. Dr. Pauley, in answer to the question, "What are the factors that enter into the claimant's present disability?" replied, "These factors are an aggravation of the pre-existing osteoarthritis, as a result of the accident, also due to the destruction of parts of the muscles of the back, followed by scar tissue at the region of the muscular destruction, which prevents the proper movements of the back, without accompanying pain."

Appellants' medical witness, Dr. G. F. Berg, first examined claimant April 27, 1934, and upon subsequent dates. His diagnosis of claimant's condition at that time was "an abscess of the back, hypertension, dental caries, pyorrhea, and osteoarthritis of the lumbar spine." He expressed the opinion that claimant had fully recovered from any injuries due to the accident by July 29, 1934, and that whatever disability claimant

was suffering at the time of the hearings was due to causes unrelated to the injury.

Which of these conflicting medical opinions should be adopted was a matter exclusively within the powers of the compensation authorities. The contention of appellants, that the testimony of Doctors Heberling and Pauley should be given no weight because each admitted on cross-examination he could not tell *exactly* what *percentage* of claimant's disability was due to the aggravation attributable to the accident, is without merit. There is no requirement that a medical witness must state mathematically the exact extent to which an injury aggravated an existing physical condition or accelerated a death: *Bartlinski v. Mining Co.*, 117 Pa. Superior Ct. 437, 443, 177 A. 518.

Moreover, the circumstances that claimant had worked continuously for this employer during a period of forty-nine years without missing a day because of illness, that he sustained severe injuries in the accident and was never thereafter able to resume his employment, may properly be taken into consideration in arriving at a decision on the point at issue: *Dewees v. Day et al.*, 291 Pa. 379, 383, 140 A. 345.

Judgment affirmed.