## Kish *v.* T. F. Steele Coal Company et al., Appellants.

Argued November 15, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Penrose Hertzler,* for appellants.

*Thomas L. Kennedy, Jr.,* for appellee.

OPINION BY ERVIN, J., January 21, 1958:

The only issue in this workmen's compensation case is whether claimant's partial disability has changed to total disability.

On April 11, 1949 the claimant sustained an accidental injury when he was struck on the neck by a falling prop. The claimant continued at his regular work until August 18, 1949. He was paid compensation for total disability under a compensation agreement at the maximum rate of $20.00 per week for 41 weeks from August 26, 1949 to June 8, 1950 inclusive. The defendant filed a petition to terminate in which it alleged that all disability as a result of the accident had terminated on June 8, 1950. On August 22, 1950, after hearing, the referee awarded compensation on the

basis of a partial disability of 60% at the rate of $17.00 per week from June 9, 1950. The claimant has received compensation for a total period of 300 weeks in the amount of $5,299.08. On May 25, 1955 the claimant filed a petition alleging that "I am now totally and permanently disabled" and asked that the award of the referee be modified accordingly. On September 27, 1956 the referee found that the claimant was totally disabled on May 27, 1955 and awarded compensation for total disability from that date. The board and the court below subsequently affirmed the referee's decision. The defendants appealed.

The board having found in favor of the claimant, the evidence must be viewed in the light most favorable to him and he must be given the benefit of every inference reasonably deducible therefrom: *Santillo v. Pittsburgh Railways Co.,* 181 Pa. Superior Ct. 266, 124 A. 2d 657.

The only question is whether the board's finding is supported by substantial and competent evidence. *Carl v. American Window Glass Co.,* 152 Pa. Superior Ct. 475, 33 A. 2d 93. Dr. Leonard Bush, an orthopedic surgeon in charge of the Department of Orthopedic Surgery at the George F. Geisinger Memorial Hospital in Danville, Pennsylvania, who had seen claimant a number of times from September 17, 1949 to May 28, 1952, testified that, in his opinion, "the man is presently totally disabled." In arriving at this conclusion the doctor took into consideration that claimant had worked in the mines for a period of 42 years without any trouble with his neck and that after being struck on the neck by the beam he was unable to raise his hands. The defendants argue that the doctor should not have taken this evidence into consideration in forming his opinion because claimant worked for four months after the injury. The important thing is

that he had worked for 42 years prior to the injury without experiencing any trouble. Dr. Norman M. Wall, on July 25, 1950, testified: "I think the patient is almost totally disabled in reference to labor" and that "I think it is permanent and progressive." This evidence explains why claimant continued to work for four months after the accident. It also helps to explain why the injury totally disabled him after a period of partial disability. Dr. Bush also testified that the injury "aggravated the existing lesion." The doctors who testified for the claimant could not state mathematically the exact extent to which the injury aggravated the prior physical condition. This was unnecessary: *Wess v. Diebold Lumber Co.*, 141 Pa. Superior Ct. 76, 14 A. 2d 589. See also *Spina v. Gahagan Construction Corp.*, 184 Pa. Superior Ct. 420 (Allocatur refused ibid, p. xxv), 135 A. 2d 760. Dr. J. Carpenter McNelis was appointed by the board as an impartial medical witness and he found that the claimant was suffering a 75% loss of earning potential as a result of his accidental injury and further found that he could do only work of a selective nature. This testimony placed claimant in the catalog of a nondescript in the labor market, which totally disabled him: *Unora v. Glen Alden Coal Co.*, 377 Pa. 7, 104 A. 2d 104; *Maishock v. State Workmen's Insurance Fund*, 129 Pa. Superior Ct. 118, 195 A. 143.

The credibility of medical witnesses and the weight to be attached to the testimony of each are matters finally and exclusively for the board: *Kennedy v. Holmes Construction Co.*, 147 Pa. Superior Ct. 348, 24 A. 2d 451.

We are of the opinion that there was sufficient and legally competent evidence to support the findings, conclusions and order of the compensation authorities.

Judgment affirmed.