Bepler *v.* State Workmen's Insurance Fund et al.,
Appellants.

Argued April 11, 1939.

Before KELLER,
P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
RHODES and HIRT, JJ.

*S. H. Torchia,* with him *Claude T. Reno,* Attorney General, *John T. J. Brennan,* and *J. S. La Victoire,* for appellants.

*Thomas L. Anderson,* with him *John V. Snee,* for appellee.

OPINION BY HIRT, J., October 17, 1939:

Decedent, forty-six years of age, was an oil field driller, rig builder and tool dresser. On the day of his death he was working for defendant, Boyd & Company, under the direction of another employe. They were pulling rods from an oil well. The rods were attached to one end of the walking beam of the rig and they were attempting to connect the movable arm, "the pitman," at the other end of the beam with a wrist pin on the crank so that power from a gas engine could be applied to draw the rods. They were out of doors and the temperature was below zero; the work was arduous and the low temperature contributed to the difficulty of pulling the rods. In the early afternoon the work had progressed to a stage where it was necessary to turn over the engine to connect the pitman with the wrist pin. The gas engine had a fly wheel about 5½ feet in diameter, and decedent was directed to roll the engine over by manually turning the fly wheel. He put his hands on the wheel and "gave it a little swing" when he was seen to slide down along the wheel, still grasping it. He fell to the floor, a distance of about three feet, and died almost immediately. In falling, his head struck the engine block, leaving a mark about an inch in diameter on the right side of the face at the posterior portion of the malar bone and a little above it. There was medical testimony that this injury was the cause of death. For defendant, the medical testimony on the contrary, is that the cause of death was cerebral hemorrhage from a natural cause, not of acci-

dental origin. The referee awarded compensation and this award was affirmed by both the board and the court below.

The judgment of the lower court cannot be affirmed on the findings of fact upon which it is predicated. Just as the testimony must support the findings of fact, so must the findings of fact support the award. The disability of an employee is not compensable unless it is the result of accident, and to constitute an accident there must be some untoward occurrence aside from the usual course of events. "Where an injury may be the result of one of two or more causes, for only one of which defendant is liable, the burden is on plaintiff to individuate that one as the proximate cause of his damage ...... otherwise there can be no recovery ...... Where, however, the disability results from an accident, the employee's susceptibility thereto will not prevent compensation:" *Gausman v. Pearson Co.*, 284 Pa. 348, 131 A. 247.

The award was affirmed by the board on the referee's findings and these findings were not supplemented by the board. The award, therefore, must rest, if at all, upon the following three findings of the referee: "Fourth: That on January 27, 1936, the decedent while in the employ of the defendant and engaged in attempting to turn a wheel on an oil well, slumped, gradually falling and hitting his head on a wooden block." "Sixth: That the claimant produced a medical witness who gave as his opinion that when the decedent struck his head on the block, he sustained thereby a lesion in the brain which caused his death." "Eighth: That your Referee believes and finds as a fact that the decedent died from injuries which he sustained on January 27, 1936."

The inadequacy of these findings is apparent. The fourth finding, the only statement of fact as to the occurrence, is not specific. Nowhere is there a finding

that the injury resulted from accident and no facts are found from which accidental injury must be inferred. The sixth finding in reality is not a finding of fact; it is merely a statement that a medical witness gave certain testimony. What, of that testimony, the referee accepted as true, and his conclusions of fact from it, nowhere appear.

Since there is no specific finding that death resulted from an accidental cause, whether or not plaintiff ultimately can recover on the testimony in this case is a question we are not permitted to decide. The duty of this court on review is to determine whether there is substantial competent evidence to support the findings and whether the law has been properly applied. It is the exclusive function of the compensation authorities to weigh and consider the testimony and make reasonable deductions therefrom: *Graham v. Hillman Coal & Coke Co.,* 122 Pa. Superior Ct. 579, 186 A. 400. The record, therefore, must be remitted for specific findings which will sustain either an award or a disallowance of compensation.

The judgment is reversed, and the record is remitted to the court below to the end that it may be remitted to the compensation authorities for specific findings.