Bepler *v.* Boyd & Company et al., Appellants.

Argued April 27, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*S. H. Torchia,* with him *Ralph H. Behney* and *Claude T. Reno,* Attorney General, for appellants.

*Thomas L. Anderson,* with him *Harold V. Fergus* and *Lewis, Riester, Brandt & Snee,* for appellee.

OPINION BY HIRT, J., July 23, 1942:

Following our order remitting this case to the compensation authorities (137 Pa. Superior Ct. 287, 8 A. 2d 727) the referee disallowed compensation. The board however, from the testimony, found evidence both of an accident and an injury resulting in death, and substituted its findings to that effect. Upon the facts as so found the board made an award which the lower court affirmed.

From a reconsideration of the testimony we cannot say that the record does not disclose substantial competent testimony sufficient to sustain the award. This is a border line case on the facts and it is possible that death resulted solely from cerebral hemorrhage, without accident as a contributing factor. If the board had so found we would have been obliged to respect that conclusion. *Royko v. Logan Coal Co.,* 146 Pa. Superior Ct. 449, 22 A. 2d 434. Here, there was no autopsy and the cause of death was not established with certainty but under the circumstances claimant is not barred by that fact. However, there is testimony of the family physician 'positively ascribing death to the head injury and a resultant hemorrhage paralyzing the respiratory center,' which the board accepted, against the opinion of defendant's medical witness, in effect, that the hemorrhage was from apoplexy and not from accident.

In addition to the facts referred to in our former opinion there is testimony which, with reasonable inferences from it, is sufficient to support the finding of the board: "...... while trying to turn the fly wheel of a gas engine for the purpose of transmitting suffi-

cient power through oil well machinery to draw out rods frozen into the well, ['a pretty hard job': 75a] the decedent lost his footing on slippery and uneven ground. By reason thereof he fell to the floor of the engine shed and in the course of his fall struck his head against the engine base, with such force as to inflict a severe injury to his right temple ......" The testimony of the family physician is sufficient to support the remainder of the finding that the injury "brought on a lesion of the brain that resulted in his death a few minutes thereafter." The law was correctly applied, in appraising the testimony, as appears from the following excerpt from the opinion of Jacoby, Commissioner, speaking for the board: "...... we believe from a careful review of all the evidence, that an accident occurred and that the resulting injury was the cause of the decedent's death and that the proof both direct and circumstantial clearly and logically so indicates. *Adamchick v. Wyoming Valley Collieries Co.*, 332 Pa. 401. The Superior Court has warned us of the rule laid down in *Gausman v. Pearson Co.*, 284 Pa. 348, to the effect that the burden is on the claimant to individuate the proximate cause upon which a claim rests. From our evaluation of the testimony, we believe that the claimant in this case has done so. We recognize that an award must rest upon the strength of the claimant's case rather than the weakness of the defendant's, and in this connection we must state that we are not taken with the impression that the defendant has sought to create by putting the word "slump" into the mouth of one of the claimant's witnesses on cross-examination. Without this, the defense rests on a theory only, which in our minds is insufficient."

Since there is competent substantial evidence in the record to sustain the award, we may not disturb it. *Wilkinson v. Jones & Laughlin Corp.*, 139 Pa. Superior Ct. 607, 13 A. 2d 125.

Judgment affirmed.