## Ricchetti v. DiMarco Bros. et al.

*Samuel H. Torchia,* for plaintiff.
*George H. Detweiler,* for defendants.

SLOANE, J., December 15, 1945.—The sole question in this workmen's compensation case is whether claimant is entitled to compensation payments for the period from March 13, 1945 (the date of an order by the referee that he submit to operation and hospitalization to correct his disability) to the date he actually underwent such treatment,[1] where the referee's order also provided that past unpaid instalments be paid at the time claimant submitted himself for operation. Claimant appealed to the board against this withholding of past due compensation [2] as well as from the total forfeiture of compensation during the period of refusal of operative treatment by claimant. The board held there was no justification for withholding past due instalments (see footnote 2), but also held that claimant should have accepted operative treatment at the time of the referee's order and should forfeit the entire compensation from that time till acceptance.

The board proceeded upon a correct theory, but since one of its essential findings of fact is not properly made and not supported by the evidence it becomes necessary to remit the record to the board. The board rightly held that claimant is not entitled to compensation from the date of the referee's order [3] to the date of operation, but its finding that such forfeiture be total cannot be sustained on the present state of the record.

---

[1] We are told it is November 9, 1945.

[2] This is now moot; claimant was paid compensation to the date of the referee's order (March 13, 1945), as ordered by the board.

[3] The question was not raised as to whether claimant should have a reasonable time from the date of the order (March 13, 1945) to go to the hospital. It might be said that on February 13, 1945, claimant's then counsel said: "We have no objection to Dr. Martin, Mr. Referee. He is a well-known surgeon. He will submit to the operation."

Claimant agreed that the operation was proper and advisable both at the hearing and subsequently, by letter [4] of his counsel to defendant, but refused to go through with the operation until his back compensation was paid. The referee's order as to this past due compensation was clearly erroneous, and claimant appealed successfully to the board on this point. But the other part of the order, that claimant submit to operation is concededly correct and was agreed to in principle by claimant. This portion of the order is entirely severable; claimant cannot make his acceptance of it conditional on the correction of the other part and thus delay the needed treatment. The withholding of past due compensation was erroneous as a matter of law, and claimant was not impeded in any way from appealing as to this and having it corrected. It cannot suspend the operation of the other part of the order, and claimant's refusal to comply with it was at his own risk.

Claimant's possible doubt as to how the question of the past due compensation would be decided did not justify his postponing the operation. The appeal as to the past due compensation could therefore have little practical significance unless claimant were going to refuse operation; for though the payments had been unjustifiably withheld he was to get them as soon as he started treatment.

However, the board's order making the suspension of payments total during the period of refusal of operation finds no justification in the record. The suspension may be total only where the record shows that the correction of disability would have been

---

[4] In this letter, dated April 6, 1945, counsel said ". . . my client . . . has reiterated his willingness and readiness to undergo the proffered operation but refuses to do so until all back payments of compensation are brought up to date. In this, I feel that he is entirely justified. As soon as payments are brought up to date, he will enter the hospital for the necessary operation."

complete; otherwise only partial to the extent that the refused treatment would have corrected the disability. See Hanyok v. Pennsylvania Coal & Coke Corp., 155 Pa. Superior Ct. 194 (1944); Visnic v. Westmoreland Coal Co., 155 Pa. Superior Ct. 199, 205 (1944).

The board's opinion does contain this "Finding of Fact": "7. Dr. Verne G. Burden, impartial orthopedic surgeon, testified before the referee that the claimant was totally disabled as a result of his accidental injury and that an operation would entirely correct that disability." The conclusion of law and the order of the board that all compensation be forfeited are based on this finding. There are, however, two objections to this finding. First, it is not a finding of fact at all, but merely a statement that a medical witness gave certain testimony. See Bepler v. State Workmen's Insurance Fund et al., 137 Pa. Superior Ct. 287, 290 (1939). And even if it be considered a finding of fact by the board that an operation would correct claimant's disability entirely, then it has no support in the evidence.. For this was the impartial physician's testimony which the board interpreted as a statement that operation would completely correct the disability: "I believe that if his symptoms persist, which they are likely to do, another operation for the removal of the spurs should be carried out. In the meantime I believe that he is totally disabled for doing the work of a stone mason or any other type of work requiring prolonged standing or walking. The duration of this disability cannot be stated at this time because recovery is likely to follow another operation whenever that is done and because spontaneous relief of symptoms may take place after more time as it sometimes does in these cases. This spontaneous recovery would be favored by the wearing of proper heel pads and the avoidance of any unnecessary standing or walking until all acute symptoms have subsided."

This testimony, amounting as it does virtually to conjecture or likelihood, is not that "sufficient, competent evidence" to justify a finding of fact that operative treatment would correct the disability entirely, and to justify the total forfeiture of compensation based on that finding.

Further hearing and determination is therefore necessary for reaching a proper finding as to this point. The record is remitted to the Workmen's Compensation Board for further proceedings consistent with this opinion.